CASE 5—PETITION EQUITY—OCTOBER 15.

# Watts v. National Building & Loan Association.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. USURY: LOAN IN FORM OF SALE.—Where one purchases from a. building and loan association real estate upon which he makes a payment, and for the balance executes his agreement to pay "to said first party on or before the last day of each month the sum of $36, dues on his subscription of $6,000 to the stock of the first party, and the further sum of $21 premium, and also $30 interest, until such time as the monthly payments of dues on said stock, and the dividends accruing on same, shall be equal to the sum of $6,000," the time which was given the purchaser while he was continuing his payments of excessive interest, being indefinite and dependent on so many contingencies, the idea that the parties fixed the purchase price of the property with reference thereto is precluded, and the transaction will be treated as simply a loan in disguise, and is, therefore, usurious.

JOHN W. BARR, JR., FOR APPELLANT.

1. The arrangement entered into by the appellant and appellee was merely a device for the purpose of evading the usury laws; the law will purge such transactions of usury without regard to what may be their form. Tyler on Usury, pp. 324, 361, 362, 364 and 365; Endlich on Building and Loan Associations, secs. 357 and 358; Amer. & Eng. Enc. of Law, vol. 27, under head of "Usury;" Shanks v. Stevens, 4 Ky. Law Rep.; Herbert v. Kenton Building and Loan Association, 11 Bush; Gordon v. B. & L. Ass'n, 12 Bush; Henderson Building and Loan Ass'n v. Johnson, 88 Ky., 191; Southern Building and Loan Ass'n v. Harris, 17 Ky. L. R., 721; U. S. B. and L. Ass'n v. Scott, 17 Ky. L. Rep., 1244; Smith v. Berry, 5 B. M., 318; Greel v. Smalley, 1 Duval, 359; Tousy v. Robinson, 1 Met., 664.

JOHN AND MASON B. BARRET, FOR APPELLEE.

1. The payments under the contract are the consideration for the sale and conveyance of land and can not, therefore, be deemed usurious. And even if a greater rate than the legal rate of interest is charged to that extent the interest is part of the consideration for the purchase. Tousey v. Robinson, 1 Met., 663; Greel v. Smalley, 1 Duval, 358; Smith v.

Berry, 5 B. M., 318; Askins v. Lebus, 9 Ky. L. Rep., 162; Rh_des v. Henderson B. and L. Ass'n, 13 Ky. L. Rep., 778; Eddy v. Northup, 15 Ky. L. Rep., 435.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

While the contract involved here is one with a building and loan association, it was made before the general law as to such associations was enacted, and, therefore, a construction of that law is not now before us.

The appellee was the owner of a house and lot in Louisville, Ky., which it sold to R. A. Watts, the testator of appellee, for the sum of $7,500, of which the sum of $1,500 was paid down. The agreement for the future payments is as follows: "This indenture, made and entered into this 1st day of January, 1892, by and between the National Building and Loan Association, a corporation of Louisville, Ky., of the first part, and R. A. Watts, of Louisville, Ky., of the second part: Witnesseth, that the party of the first part, for and in consideration of the sum of $1,500 cash in hand paid it, and the said second party's bond of even date herewith, whereby he agrees and promises and does hereby agree to pay to said first party on or before the last day of each month, the sum of $36, dues in his subscription of $6,000, to the stock of the first party, and the further sum of $21 premium, and also $30 interest until such time as the monthly payments of dues on said stock and the dividends accruing on same shall be equal to the sum of $6,000, the receipt of which is hereby acknowledged, does hereby agree to convey to said second party, when he shall have fully and completely paid and discharged said bond, a certain tract of land, beginning," etc.

Subsequent clauses provided for the payment of taxes and insurance by the purchaser and terminated his right of oc-cupancy when he should fail to pay the dues, interest and premium named, and further provided that upon such failure the first party might elect to treat the whole sum remain-ing unpaid, to be determined according to the rules and by-laws of the said association, as then due and payable, and for which suit might be brought forthwith.

Watts having failed to pay his dues, interest and premium as required by his contract, this suit was brought against his administratrix, he having died in the meantime, to en-force the purchase money lien.

The defense is that the plan by which the deferred pay-ment of $6,000 was to be made was merely a device to avoid the usury laws, and that the contract was for the loan and forbearance of money.  It is clear that the contract must be denounced as usurious under numerous decisions of this court (U. S. Savings & Loan Ass'n v. Scott, 17 Ky. Law Rep., 1244, and cases cited) unless the excess of interest over the legal rate can be said to be a part of the consideration or price of the land, and how this can be said is somewhat difficult to see.

In the sale of property, the value of the thing sold must be supposed to be some fixed sum in the contemplation of the contracting parties.  The payment of the purchase price may be made in cash, or in obligations, payable in the fu-ture, bearing any rate of interest agreed on, if the principal sum to be paid, together with any accrued excessive interest, does not exceed the real price or value of the land con-templated by the parties.  No better illustration of this prin-

ciple can be given than that suggested in the case relied on by the appellee.

In holding that the contract was not usurious by which Williams sold to Robinson a tract of land for $2,000, payable two years after the date of sale, with interest, payable semi-annually, at the rate of eight per centum per annum, this court said: "Suppose Williams had proposed to sell his land to the appellee at the price of $2,000, if paid in hand, or at the price of $2,400, payable two years after the sale, and the appellee had accepted the latter proposition and had executed his note accordingly, would it have been argued that the note as to $160 of the amount would have been usurious, upon the ground that it had been agreed to be paid in consideration of the two years' forbearance? If not, then certainly an agreement to pay $2,000 two years after the sale, with interest upon that sum at the rate of 10 per cent. per annum until the time of payment, would have been no more usurious." (Tousey v. Robinson, 4 Met., 664.) Subsequent cases determined by this court do not depart from this principle.

In the case cited if the words "until paid" had been added to the note, there can be no doubt whatever that to the extent Williams had indulged or forborne with Robinson after the maturity of the note the accruing interest over the legal rate would have been declared to be usurious. It was only the 10 per centum rate "until the time of payment," as definitely fixed in the note, that was declared in that case not to have been usurious.

In this case the time or forbearance, if we so declare it, which was to be given the purchaser while he was thus

continuing his payments of excessive interest, was indefinite and dependent on any number of contingencies; for example, on the solvency of other borrowing stockholders—the salary of the numerous officers of the association and the general prosperity of the concern—things so complicated and uncertain as to preclude the idea that the parties to this contract fixed the purchase price of the house and lot with reference thereto. We think the real intention of the parties here in adopting this method of making the deferred payments was to fix a long time of credit, during which the property might be paid for.

Mr. Tyler, in his work on Usury, page 365, says, in reference to such time sales: "It has been repeatedly held that every such transaction, the real object being to procure time, no matter what form it is made to assume, is a loan within the statute of usury. It often happens that the transaction assumes the form of a sale or exchange; in point of fact it is a loan in disguise."

The demurrer to the answer should have been overruled and the case proceed on principles consistent with this opinion.