Argued November 21, decided December 2, 1913, rehearing denied
January 27, 1914.

# EDLEFSON *v.* PORTLAND RY., LIGHT & POWER CO.

### (136 Pac. 832.)

**Negligence—Contributory Negligence—Pleading.**

1. Under Section 73, L. O. L., providing that an answer may contain a specific denial of each material allegation of the complaint controverted by the defendant, and also a statement of any new matter constituting a defense or counterclaim, and Section 74, permitting defendant to set forth by answer as many defenses as he may have, where the answer denies negligence, and avers specially that the injury complained of was caused by the negligence of the person hurt, without alleging that such negligence was contributory, the special plea is not equivalent to a confession and avoidance, and it is error to instruct that defendant, not having admitted its negligence, has not raised the defense of contributory negligence.

**Pleading—Answer—Requisites in General.**

2. The system of common-law pleading perfected by the code so as to conform to the principle of logical statement requires the defendant, when the complaint states a supposed cause of action, either to demur, or to controvert the facts averred, or to set forth other facts which exonerate him.

**Negligence—Contributory Negligence—Pleading.**

3. Contributory negligence is an affirmative defense, and, to make it available, the answer must show a want of ordinary care of the plaintiff which, combining and concurring with defendant's negligence, contributed to the injury as a proximate cause thereof.

**Negligence—Contributory Negligence.**

4. Where the complaint does not negative plaintiff's negligence, proof of his negligence is not admissible under the general issue.

[As to the burden of proof in respect of contributory negligence, see note in 10 Ann. Cas. 4.]

**Street Railroads—Operation—Actions for Injuries—Instructions.**

5. In an action for injuries from a collision with a street-car, the failure of the court to clearly inform the jury with respect to the duty of a person about to cross a railway and failing in this respect is error, though the court instructed that, if plaintiff did not exercise, under all the existing circumstances, that care which a man of ordinary prudence would have exercised, and that such want of care brought his injuries, their verdict should be for defendant, and that the jurors should bring their good, common every-day sense into the jury-room, and do what is just and right between the parties.

From Multnomah: HENRY E. McGINN, Judge.

Department 1.   Statement by MR. JUSTICE MOORE.

This is an action by Peter H. Edlefson against the Portland Ry., Light & Power Company, to recover damages for a personal injury.   The defendant owns in the City of Portland a system of electric railway lines, two tracks of which are laid north and south along Union Avenue.   The cars passing north go along the east track, and those moving in the opposite direction pass along the other track.   Maegley Street crosses Union Avenue at right angles.   About 11 o'clock at night on June 10, 1911, the plaintiff, driving a horse hitched to a buggy, was riding north along the east side of Union Avenue.   Three electric trains of several cars each were then moving in the same direction along the avenue.   As the rear car of the last train passed him, the plaintiff turned his horse to the left, so as to drive west on the north side of Maegley Street.   When the buggy emerged from the obstruction to the view, caused by the rear car, the plaintiff beheld another car coming south on the west track, whereupon he suddenly turned his horse more to the left, but not in time to avoid a collision; the car striking the hub of the right front wheel of the buggy, throwing him to the ground, and injuring him.

The negligence alleged is a violation of city ordinances in operating the car, causing the injury, at a dangerous rate of speed in excess of that limited, and in failing to ring the bell of the car before reaching the street crossing, defective brakes, and a failure to stop the car after the motorman saw, or by the exercise of reasonable diligence could have seen, the dangerous proximity of the horse and buggy.

The answer denied each allegation of the complaint, except that the defendant admitted it was a corporation, and that the plaintiff at the time stated came into collision with one of its cars.   For a further de-

fense it was averred that the accident was wholly unavoidable as far as the defendant was concerned. For a second defense it was alleged that the injury complained of was caused by the plaintiff's negligence alone, setting forth in each defense the facts relied upon for that purpose.

The reply put in issue the allegation of new matter in the answer, and, the cause having been tried, the plaintiff secured a judgment for $5,000, and the defendant appeals.

REVERSED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. F. J. Lonergan* and *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Harrison Allen.*

For respondent there was a brief over the names of *Mr. Palmer E. Fales, Messrs. Platt & Platt* and *Mr. George J. Perkins,* with an oral argument by *Mr. Fales.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. In referring to the plaintiff and to the time of the injury, the court charged the jury as follows: "If you should find that he was negligent at the time, combined with the negligence of the defendant company, brought his injuries to him, and his testimony discloses that state of facts, then he cannot recover; but, if his testimony does not disclose him to have been guilty of contributory negligence, and you think that the defendant's testimony does disclose him to have been guilty of contributory negligence, then you cannot consider it, for the reason that the defendant company has pleaded negligence, but not the contributing negligence of the plaintiff in this case. Now, contributing negligence is a plea, in the nature of a confession and

avoidance, admitting the defendant was guilty of negligence, which precludes his recovery. Now, in this case the company has not admitted it was negligent here, and contributory negligence has not been made a defense by it, and it is only to be considered by you in the event that the plaintiff's testimony, and only in that event, discloses that he was guilty of contributory negligence.''

Exceptions having been taken to the instructions thus given, it is contended by defendant's counsel that errors were committed in using the language quoted.

Under the system of code pleading in this state, an answer may contain a specific denial of each material allegation of the complaint controverted by the defendant, and also a statement of any new matter constituting a defense or counterclaim: Section 73, L. O. L. A defendant is permitted to set forth by answer as many defenses as he may have; but they must be separately stated, and refer to the cause of action intended to be controverted: Section 74, L. O. L.

2. It was necessary in a plea at bar, at common law, either to deny the averments of the declaration or to confess and avoid them or such thereof as were thus assailed, in which latter case it was essential that the plea should give color to the plaintiff's *prima facie* right of action, and that a plea which stated new matter in avoidance and discharge was double and argumentative, unless it admitted the apparent truth of the material facts set forth in the declaration: 1 Chitty, Plead. (16 ed.), § 552. The system of common-law pleading perfected by the code so as to conform to the principle of logical statement requires the defendant, when a complaint states facts constituting a supposed cause of action, either to demur, or to controvert the truth of the facts, so averred, or to set forth

other facts which exonerate him: Bliss, Code Plead. (3 ed.), § 333.   This author, at the section noted, remarks: "Under this system there is no room for a statement of new facts, except those which suppose the truth of those alleged on the other side; that is, in the language of the pleaders, those which confess and avoid.   A statement of facts by way of defense which are merely inconsistent with those stated by the plaintiff is, in effect, a denial.   It is not new matter; it admits nothing; it simply contradicts.   This is called an argumentative denial; that is, a statement of facts which, arguendo, show that the plaintiff's statement is untrue.   It is pleading evidence in support of a denial, and is subject to most of the objections against pleading it in support of an issuable fact": See, also, *McDonald* v. *American Mtg. Co.,* 17 Or. 633 (21 Pac. 883); *Veasey* v. *Humphreys,* 27 Or. 515 (41 Pac. 8).

3. From the legal principle thus asserted, it would seem legitimately to follow that, if the injury complained of was not at all attributable to the defendant's negligence, as appears from the denials in the answer, the real cause of plaintiff's hurt, as to whether it resulted from his own carelessness or otherwise was wholly immaterial.   In this state contributory negligence is an affirmative defense, and, to be available as such, the facts set forth in the answer must show a want of ordinary care on the part of the person injured which, combining and concurring with the defendant's negligence, contributed to the injury as a proximate cause thereof, and as an element without which the hurt could not have happened: *Grant* v. *Baker,* 12 Or. 329 (7 Pac. 318); *Johnston* v. *Oregon S. L. Ry. Co.,* 23 Or. 94 (31 Pac. 283); *Tucker* v. *Northern Ter. Co.,* 41 Or. 82 (68 Pac. 426); *Jackson* v. *Sumpter Val. Ry. Co.,* 50 Or. 455 (93 Pac. 356).

4. Following the rule thus established, the complaint herein did not negative the fact that the plaintiff was free from carelessness in respect to the injury in question. Proof, however, of his negligence, if any, was not admissible under the general issue.

"The pleading of contributory negligence as a special defense," says a text-writer, "is not inconsistent with a denial of the negligence of the defendant. The rule of the modern codes which prohibits the pleading of inconsistent defenses is therefore not violated by the defendant denying his own negligence and setting up the negligence of the plaintiff. Hence the defendant cannot be required to elect between two separate paragraphs of his answer, one of which denies any negligence on his part, while the other sets up contributory negligence on the part of the plaintiff. A defendant may, then, both traverse the complaint and plead contributory negligence; but, as the defenses are distinct and different, they should be set out in separate paragraphs of his answer": Thompson, Neg., § 390.

"The plea of contributory negligence is a plea in confession and avoidance, which admits the negligence on the part of the defendant, but seeks to avoid liability therefor by alleging that the plaintiff was guilty of negligence which contributed to his injury, and the plea is bad if it denies that the defendant was negligent. But this is not the rule in those states whose codes permit the defendant to set up as many defenses, whether of law or of fact, as he may see fit": 5 Ency. Pl. & Pr. 12.

In *Pugh* v. *Oregon Improvement Co.,* 14 Wash. 331 (44 Pac. 547, 689), it was held that the defendant had a right to deny the matters upon which the claim of negligence was based, or that the same constituted negligence, and also to plead further, in case the contrary should be established, that the deceased was

chargeable with contributory negligence, that the plea of contributory negligence was not a confession and avoidance, and that an answer denying negligence and alleging contributory negligence did not constitute such inconsistent defenses as to prevent both when put forward to defeat an action from being efficient. To the same effect, see, also, *Leavenworth Light & Heating Co.* v. *Waller,* 65 Kan. 514 (70 Pac. 365); *Glass* v. *Colman,* 14 Wash. 635 (45 Pac. 310); *Carter* v. *Seattle,* 19 Wash. 597 (53 Pac. 1102).

Though there is quite a conflict in the decisions upon the question of denying in the answer the negligence charged in the complaint, and alleging as a special defense contributory negligence, reason would seem to support the rule that, if the answer alleged contributory negligence, such averment is in the nature of a confession and avoidance, equivalent to an implied admission that the defendant was guilty of negligence as charged in the complaint. "Contributory negligence," says a text-writer, "is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred": 7 Am. & Eng. Ency. of Law (2 ed.), 371. That definition has been approved by this court: *Moekler* v. *Willamette Valley Ry. Co.,* 18 Or. 189 (22 Pac. 948, 17 Am. St. Rep. 717, 6 L. R. A. 656); *Emison* v. *Owyhee Ditch Co.,* 37 Or. 577 (62 Pac. 13).

In Oregon, it will be remembered, the rule is settled that, when contributory negligence is relied upon, it must be specially pleaded. In 5 Ency. Pl. & Pr. 12, it is said: "In those states where it is incumbent on the defendant to plead contributory negligence specially, and where the defense cannot be made under a

general denial, the trend of the authorities is that a general averment that the plaintiff was guilty of negligence which contributed to the injury, and that he could have avoided all damage by the exercise of proper care, is not sufficient.   The acts and defaults constituting such contributory negligence should be averred.''

Though a process of reasoning seems to support the rule thus announced in cases where contributory negligence is specially alleged as a defense, it is believed that where, as in the case at bar, the answer denies the negligence charged in the complaint, and avers specially that the injury complained of was caused by the carelessness of the person hurt, without alleging that such negligence was contributory, the special plea is not equivalent to a confession and avoidance.   It is possible that the injury might be sustained by a person *sui juris* without any negligence on the part of the party owning or controlling the instrumentality causing the hurt.   In such cases to hold that the answer must confess negligence so as to avoid its consequences, in order to introduce evidence of the carelessness of the person hurt, is to place the defendant at a great disadvantage before the jury.   This being so, errors were committed in giving the instructions hereinbefore set out.

5. The court was requested by defendant's counsel to instruct the jury to the effect that, if the plaintiff's view of the west car track was obstructed by the cars on the east track, it was incumbent upon him to have stopped and listened before attempting to cross the west track, and that, if he failed to take this precaution, and by reason thereof the accident happened, he cannot recover in this action.   The request was denied, and an exception taken.   The court, without particularly specifying the degree of care demanded

of a person about to cross a railroad, told the jury in substance that, if they should find that the plaintiff did not exercise, under all the existing circumstances, that reasonable care which a man of ordinary prudence would have exercised, and that such want of care upon his part brought his injuries to him, their verdict should be for the defendant. The jury were further instructed as follows: "In matters of this kind you should bring your good, common, every-day sense, as you have acquired it in your every-day life and affairs, into the jury-room, and now, gentlemen, take this case, and do what you think is just and right as between these parties, from the evidence, as you have heard it here from the witnesses on the witness-stand, and from the deduction you have gotten from proven facts, and from the instructions and the law which I have declared to you."

We do not wish to be understood as intimating that a juror, in considering testimony submitted at the trial of a cause, should lay aside common sense or abandon his knowledge of every-day affairs; but we think, in the complicated duties devolving upon a person about to cross the track of a railroad, that most men of ordinary intelligence have not such a knowledge of what the law imposes upon a traveler under such circumstances, and for that reason an instruction should have been given clearly defining such duty. Otherwise what might be considered a rule in one cause would have no binding force at the trial of another action.

It is believed that the jury should have been clearly informed with respect to the duty devolving upon a person about to cross a railway, and, failing in this respect, an error was committed.

The judgment is therefore reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.