Argued September 13, affirmed September 26, 1916.

# NELSON *v.* BROWN & McCABE.

### (159 Pac. 1163.)

**Master and Servant—Injuries to Servant—Contributory Negligence—Statute.**

1. Under the Employers' Liability Act (Laws 1911, p. 18), Section 6, declaring that the contributory negligence shall not be a defense, but may be considered by the jury in fixing damages, in an action for injuries by the employee of a stevedore company, an instruction that, if the plaintiff was guilty of negligence contributing to injury, he could not recover, even though the defendant was also guilty of negligence, was properly refused.

**Master and Servant—Injuries to Servant—Assumption of Risk—Statute.**

2. In actions for personal injuries by employees coming within the scope of the Employers' Liability Act, the doctrine of assumption of risk by the employee is abrogated.

[As to assumption of risk under Federal Employers' Liability Act, see note in **Ann. Cas. 1915B, 493.**]

**Master and Servant—Injuries to Servant—Safe Place to Work—Statute.**

3. Under the Employers' Liability Act (Laws 1911, p. 18), Section 1, providing that persons having charge of work involving risk or danger must use every device or care practicable for the protection of life and limb, in an action for personal injuries by the employee of a stevedore company, an instruction that, if the defendant had provided a reasonably and ordinarily safe place for the plaintiff to work, considering the character of the work, defendant could not be found negligent in not providing a safe place for the plaintiff to work, was properly refused.

**Appeal and Error—Harmless Error—Instructions.**

4. In an action for personal injuries by the employee of a stevedore company, the instruction that a servant in entering employment assumes the ordinary risks incident to the work contracted to be done, or such as the master might have avoided by reasonable care, though erroneous, was not prejudicial to the master.

**Master and Servant—Injuries to Servant—"Accident."**

5. In relation to the law of master and servant, an "accident" is an incident that could not have been reasonably foreseen, anticipated, prevented or provided against, and for it the master is not liable.

**Appeal and Error—Reversal for Colloquy of Counsel.**

6. In a servant's action for injuries, where, during argument, one of plaintiff's attorneys stated that plaintiff had a wife and family to support, which should be taken into consideration in assessing

damages, whereupon defendant's attorney objected and took an exception to the remark, whereupon opposing counsel reiterated the statement, defendant's attorney again objecting and taking an exception, there was no reversible error, where the court was not called upon to rule upon the question or to instruct the jury to disregard the argument of plaintiff's counsel.

From Multnomah: WILLIAM GALLOWAY, Judge.

Department 2.    Statement by MR. JUSTICE BURNETT.

This is an action by H. Nelson against Brown & McCabe.

The defendant is a corporation engaged as stevedores in Portland, Oregon. It is admitted that at the time of the grievance of which the plaintiff complains he was in its employ and received an injury while working for the defendant upon a certain Japanese steamship in the port of Portland. It appears that the defendant was engaged in loading the ship with flour which was sent aboard the vessel by means of chutes carrying it into the various hatchways for storage on the lower decks and in the hold. The particular hatchway at which the accident happened was an opening through the decks of the vessel about 12 feet wide and 18 feet long running lengthwise of the ship. Into the opening were fitted edge up and athwartship some steel beams called "strongbacks" about 14 inches in width by one half inch in thickness. Between the beams and at right angles to them were timbers called "fore and afts" resting in gains or pockets on the strongbacks. The timbers were about 6 inches square by about 6 feet long. In the progress of the work in which the plaintiff was engaged it became necessary to put one of these fore and afts in place. The plaintiff took hold of one end and a fellow-employee took up the other end. A plank was laid across where his comrade was required to go, but the plaintiff was compelled by order of the foreman in

charge of the work to sit astraddle of the strongback, and in this position to drag after him his end of the timber. It proved too long for the place, and they were directed to take it out. In doing so the plaintiff lost his balance and fell into the hold of the vessel, a distance of about 21 feet, breaking his arm near the wrist and receiving other injuries. The burden of his complaint is that his employer did not furnish a reasonably safe place in which he was required to work, and that he was called upon to perform his task in a manner involving a risk and danger to himself.

The answer denies all the allegations of the complaint except the corporate character of the defendant, the employment of the plaintiff, and the fact that he received an injury. It alleges as affirmative defenses that the hurt was the result of a pure accident which could not have been prevented by the exercise of any reasonable or proper care on the part of the defendant; that the plaintiff was guilty of negligence contributing to his own hurt; and, lastly, that he was a skilled workman, understanding the nature of his task and fully appreciating all the risks of the employment. These defenses are traversed by the reply. As a result of a jury trial there was a verdict and judgment in favor of the plaintiff, from which the defendant appeals.                                        AFFIRMED.

For appellant there was a brief over the names of *Mr. F. C. Howell* and *Messrs. Wilbur, Spencer & Beckett,* with an oral argument by *Mr. Howell.*

For respondent there was a brief over the name of *Messrs. Schmitt & Schmitt,* with an oral argument by *Mr. G. G. Schmitt.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The errors relied upon before us are predicated upon instructions given by the court and the refusal of others requested by the defendant. One of the latter is this:

"Contributory negligence consists of such acts or omissions on the part of the plaintiff as would amount to want of ordinary care under the particular circumstances; and if the plaintiff in this case was guilty of negligence contributing to the accident and injury which he sustained, he cannot recover, even though the defendant was also guilty of negligence."

Such an instruction to the jury would make contributory negligence a bar to the action, whereas Section 6 of what is known as the employers' liability law declares that:

"The contributory negligence of the person injured shall not be a defense, but may be taken into account by the jury in fixing the amount of the damage.": Laws 1911, p. 18.

2. By another instruction refused, the defendant sought to impose upon the plaintiff the assumption of risk. Since the passage of the initiative act above mentioned we have frequently held that because this is a criminal statute visiting a penalty upon persons in charge of a work involving a risk or danger the doctrine of assumption of risk by the employee is abrogated in actions coming within the scope of the act for the reason that it will not be presumed that one party to the contract will be bound by the action or nonaction of the other involving a violation of public law by the latter. The authorities on this subject are collated in *Marks* v. *Columbia County Lumber Co.,* 77 Or. 22 (149 Pac. 1041).

3. The third request by the defendant was to direct the jury as follows:

"While it is the duty of an employer to provide his servants a place to work in that is reasonably safe, taking into consideration the character of the work being performed, yet the master is not obliged to use more than ordinary or reasonable care in providing a safe place, and if you find from preponderance of the evidence that the defendant herein had provided a reasonably and ordinarily safe place for the plaintiff to work, taking into consideration the character of the work being done, you are instructed that the defendant cannot be found negligent in not providing a safe place for the plaintiff to work."

Before the passage of the employers' liability law this instruction might have been justified by precedents holding that an employer was not bound to use the latest or most improved appliances, but was only required to employ reasonably safe machinery and the like, but this does not measure up to the standard prescribed by the latter clause of Section 1 of the enactment referred to, the language of which is:

"And generally all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

Measured by the statute, the action of the court in refusing this instruction was correct.

4. The defendant complains that the judge did wrong in saying to the jury:

"You are further instructed that a servant, in entering the employment of a master, assumes the ordinary risks incident to the work contracted to be done, but not such as the master might have avoided by reasonable care."

The instruction was indeed erroneous, but the error was favorable to the defendant. It cannot complain.

5, 6. Further error is predicated of this charge given to the jury:

"An accident is an incident that could not have been reasonably foreseen, anticipated, prevented or provided against; so that in this case, if you find that it was purely an accident, the defendant is not liable. On the other hand, if you find that the injury to the plaintiff could have been reasonably foreseen or anticipated, or could have been prevented or provided against, then it is not considered an accident, but is negligence in failing to prevent or provide against the happening of the injury."

We think this fairly describes pure accident. The jury was properly instructed on this point. Lastly it is said that during the argument to the jury one of plaintiff's attorneys stated that the plaintiff had a wife and family to support, which should be taken into consideration in reaching the verdict and assessing the damages. The bill of exceptions discloses that the defendant's attorney objected to the remark mentioned and took an exception to it, whereupon opposing counsel reiterated the statement, and the defendant again objected and took an exception. The court was not called upon to rule upon the question or to instruct the jury to disregard the argument of plaintiff's counsel. Nothing further is disclosed than a colloquy between the opposing attorneys. We cannot reverse a case except for some error of the court. Nothing of the kind is shown here, and hence the defendant can

take nothing on that point. There was testimony on behalf of the plaintiff sufficient to take the case to the jury over the motion for nonsuit made by the defendant.

No error appears in the record, and the judgment is affirmed.                              Affirmed.

Mr. Chief Justice Moore, Mr. Justice Bean and Mr. Justice McBride concur.

Mr. Justice Eakin absent.

Motion to dismiss appeal sustained October 3, 1916.