Argued July 10, reversed and remanded July 17, 1917.

# TABOR *v.* COIN MACHINE MFG. CO.*

(166 Pac. 529.)

**Master and Servant—Injuries to Servant—Assumption of Risk—Statute.**

1. In actions for personal injuries coming within the scope of the Employers' Liability Act (Laws 1911, p. 16), the doctrine of assumption of risk by the employee is abrogated.

[As to assumption of risk under Federal Employers' Liability Act, see note in Ann. Cas. 1915B, 481.]

**Trial—Instructions—Contributory Negligence.**

2. In an action for injuries by operator of a punch-press, in view of Employers' Liability Act, declaring that the contributory negligence shall not be a defense, but may be considered by the jury in fixing damages, instruction that contributory negligence should not be considered by the jury was erroneous.

**Master and Servant—Contributory Negligence—Pleading.**

3. In employee's action for injuries, the answer pleading that the injury was caused solely by the negligence of plaintiff, although not admitting dereliction upon the part of employer, was sufficient to raise the question of contributory negligence.

**Master and Servant—Injuries to Servant—Failure to Warn—Instruction.**

4. Where the employee in an action for injuries alleged that punch-press was defective in that it would "repeat," the court correctly submitted question of failure of employer to warn as to dangerous character of machine, although the evidence showed that plaintiff had been warned of the dangerous nature of the work.

*As to duty of master to instruct and warn his servants as to the perils of the employment, see comprehensive note in 44 L. R. A. 33.

REPORTER.

From Multnomah: GEORGE N. DAVIS, Judge.

Action by H. E. Tabor against the Coin Machine Manufacturing Company, a corporation, to recover damages for an alleged personal injury. From a verdict and judgment in favor of plaintiff, defendant appealed. Reversed and remanded for a new trial.

Department 1.   Statement by MR. JUSTICE BENSON.

This is an action for damages for personal injuries alleged to have been received by plaintiff in the course of his employment by reason of the negligence of his employer, the defendant. The substance of the complaint is that plaintiff was engaged in manipulating a certain machine known as a punch-press which was defective in the particular that it would "repeat" or continue the thrusts of the ram when it should have remained at rest. It is alleged that the machine should have been equipped with a guard which would have prevented the injury; that defendant failed to warn plaintiff of the dangerous character of the machine; that defendant neglected to provide plaintiff with a stick or hook with which to remove the pieces from under the ram or punch, and that by reason of these acts of negligence, plaintiff lost a finger and a portion of his thumb.

The answer admits the injury, but denies any negligence upon the part of the defendant, and alleges that the injury was caused solely by the negligence of the plaintiff himself. Upon the trial, there was a verdict and judgment for plaintiff from which defendant appeals.                           REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. Fulton & Bowerman,* with an oral argument by *Mr. Jay Bowerman.*

For respondent there was a brief over the names of *Mr. F. E. Swope* and *Messrs. Davis & Farrell,* with an oral argument by *Mr. Wilfred E. Farrell.*

MR. JUSTICE BENSON delivered the opinion of the court.

The assignments of error present two questions, both based upon instructions given and refused by the trial court. The first of these involves the charge of the court upon the question of contributory negligence. One instruction was in the following language:

"The defendant in the answer denies that it was negligent in any of the respects claimed by the plaintiff, and claims on the contrary that the injury to the plaintiff, if any, was caused by the sole negligence of the plaintiff himself, and without any negligence on the part of the defendant.

"The defendant then sets up what is known in law as the defense of assumption of risk and also the defense of contributory negligence. But these two affirmative defenses, under the view the court takes of the law and the facts in this case, will not be necessary for your consideration of the case. The court holding that the case comes within what is known as the Employers' Liability Act which was passed by the people of this state in 1910. And the court will instruct you simply upon the law as applicable to that act."

The court further instructed the jury as follows:

"As the court has said to you, under the law in this state the question of assumption of risk does not enter into this case. Neither does the question of contributory negligence. And by contributory negligence is meant merely this: that where the negligence of the defendant caused or contributes to cause the injury, and also the plaintiff was negligent and that negligence contributed also to cause the injury, then under old rules of common law the plaintiff would not be en-

titled to recover but that does not apply to this case. And the mere fact of the plaintiff being guilty of negligence is no excuse if the defendant failed to use the precautions required by the act of 1910, which was read to you at the beginning of the instruction by the court.''

There are other instructions assigned as error which reiterate the statement that contributory negligence is not to be considered by the jury. There is evidence in the record tending to prove that it was a physical impossibility for the machine to ''repeat,'' as claimed by the plaintiff, and that the accident could not have occurred if the plaintiff had not negligently pressed the treadle with his foot while his hand was under the punch. There was also evidence to the effect that about fifteen minutes before the accident, he was seen lying across the table of the machine while operating it, with his hands within an inch of the ram or punch, and had been warned that it was dangerous. This was certainly evidence of contributory negligence. Section 6 of the act of 1910, reads as follows:

''The contributory negligence of the person injured shall not be a defense, but may be taken into account by the jury in fixing the amount of the damage.''

In the case of *Sonniksen* v. *Hood River Gas & Elec. Co.*, 76 Or. 25, 36 (146 Pac. 980), in construing this section, Mr. Chief Justice MOORE says:

''Though the clause of the act under consideration uses the word 'may,' the jury must apportion the damages occasioned by a loss suffered by an injury to an employee when he and the employer have both been negligent in the manner indicated.''

These instructions set out are correct in their statement of law, so far as they refer to assumption of risk, as the act of 1910 has abrogated that defense: *Nelson*

v. *Brown & McCabe,* 81 Or. 472 (159 Pac. 1163). Upon the question of contributory negligence, however, the instructions are erroneous. It is true that the negligence of the plaintiff is not to be considered *as a defense,* but the very sentence of the statute, which so declares, also makes it necessary to consider it in fixing the amount of damage and, without the addition of this element, the instruction does not correctly state the law.

The instruction requested by defendant to the effect that "if the jury find that the negligence of the plaintiff contributed to the injury they should then take that fact into consideration in arriving at their verdict," is subject to the same criticism in that it does not state the purpose for which the jury may consider such evidence.

It is urged that since the answer pleads that the injury was caused solely by the negligence of the plaintiff, and does not admit any dereliction upon the part of defendant, there is no plea of contributory negligence; and, therefore, no justification for instructions upon that subject. This contention is without merit as this court has held that a plea that plaintiff was negligent is sufficient to raise the question of contributory negligence: *Edlefson* v. *Portland Ry., L. & P. Co.,* 69 Or. 18, 25 (136 Pac. 832); *Susznik* v. *Alger Logging Co.,* 76 Or. 189 (147 Pac. 922). Defendant also urges that the court erred in submitting to the jury the question of a failure by the defendant to warn plaintiff as to the dangerous character of the machine. This assignment is based upon the contention that the undisputed evidence discloses that plaintiff was warned of the dangerous nature of the work, and that there was no evidence upon which to base any instruction. This point is not well taken

since the plaintiff's complaint describes the dangerous element of the machinery as consisting of its tendency to "repeat" when the treadle was released; the evidence does not disclose that any such warning was given, and the defendant insisted that "repeating" was a mechanical impossibility.

For the error mentioned, the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE and MR. JUSTICE BURNETT concur.

MR. JUSTICE HARRIS concurs in the result.