Argued December 15, 1921, reversed and remanded January 31, 1922.

# WALLACE *v.* PORTLAND RAILWAY, LIGHT & POWER CO.

### (204 Pac. 147.)

**Negligence—Contributory Negligence must be Pleaded as Defense.**

1. Contributory negligence is a defense, which must be pleaded and proved in order to be available, except where it conclusively appears from testimony adduced by plaintiff.

**Negligence—Denial of Negligence and Plea of Contributory Negligence Permissible.**

2. A defendant may deny his own negligence, and plead and prove contributory negligence.

**Negligence — Contributory Negligence Chargeable, Without Other Negligence.**

3. The term "contributory negligence" does not indicate that there was some other negligence than that of defendant which tended to produce the injury, or that the defendant was negligent, but plaintiff may be guilty of contributory negligence without defendant being guilty of negligence.

**Negligence—Contributory Negligence Pleaded.**

4.  An answer denying the negligence charged and alleging that the injury was caused by the negligent act of the plaintiff, is sufficient to permit proof of contributory negligence.

**Carriers—Answer Held to Permit Proof of Contributory Negligence.**

5.  Where the complaint charged that injury to a passenger was caused by negligence in starting a street-car before she could alight, an answer denying the injury and negligence, and alleging that, if injury occurred, it was caused by her negligence in attempting to alight before the car stopped, was sufficient to permit defendant to prove contributory negligence.

**Appeal and Error — Questions not Raised on First Appeal Res Judicata on Second Appeal, but New Instructions may be Asked on Retrial.**

6.  All questions that could have been raised on a first appeal are concluded by the decision on that appeal, and are *res judicata* on second appeal; but this does not mean that upon a second trial counsel are precluded from asking new or different instructions on points not suggested or urged by them on the first trial, or saving exceptions to a refusal to give such instructions.

From Multnomah: C. U. GANTENBEIN, Judge.

Department 1.

This is an action for damages for injuries alleged to have been sustained by plaintiff by reason of the negligence of defendant's servants in the management and operation of one of defendant's street-cars. The cause was before this court on a previous appeal and is reported in 88 Or. 260 (159 Pac. 974, 170 Pac. 283). Upon a retrial there was a verdict with judgment for plaintiff, from which the defendant appeals.

The complaint contains the following allegations as to the negligence of defendant:

"That on, to wit, May 8, 1915, in the City of Portland, Multnomah County, Oregon, said plaintiff became a passenger upon one of the street-cars of defendant and paid to defendant its regular and agreed price for her transportation thereon; that the regular route of said street-car so engaged in carrying plaintiff required said street-car to proceed in the said city of Portland southwardly on 11th Street

between Harrison and Hall Streets and to turn at the corner of said 11th and Hall Streets and proceed westwardly on said Hall Street; that it was the duty of said defendant to stop its street-cars upon request or signal of, passengers at street crossings or street turnings to permit such passengers to alight, when signaled by said passengers to do so prior to reaching a street crossing or street turning; that at the time herein stated, when the said street-car of defendant, in which plaintiff was a passenger, was going southwardly on said 11th Street and was between said Harrison and Hall Streets, plaintiff gave a signal to said defendant and its servants and agents that she desired said street-car to stop at the corner of Hall and 11th Streets to permit her to get off from said car, and that it was the duty of said defendant, its servants and agents, to stop said street-car at said corner and to permit plaintiff safely to get off from said car; that in compliance with plaintiff's signal or request defendant did stop its said street-car at the corner of Hall and 11th Streets, and plaintiff was about to descend from said street-car to the ground; but that before plaintiff could step from said street-car to the ground and leave said street-car defendant, by its servants and agents, carelessly, recklessly and negligently, and without due regard for the safety of plaintiff, started or caused to be started the said street car suddenly and with a jerk and thereby precipitated and violently threw to the ground the said plaintiff, injuring her as hereinafter set forth.''

The answer consisted of a general denial and a further defense as follows:

"That on or about the eighth day of May, 1915, between the hours of 1 and 2 o'clock P. M. on said day, one of defendant's street-cars was being lawfully and carefully operated in a southerly direction on 11th Street, and just as the same was being brought to a stop at the intersection of 11th Street with Hall Street in said city, for the purpose of allowing such

passengers as desired to alight therefrom, the plaintiff suddenly and unexpectedly and carelessly, recklessly and negligently, and before said car could be brought to a stop, walked or stepped or jumped from said car while the same was in motion by reason of which negligent act on her part, plaintiff fell to the surface of the street and received the injuries, if any, described in the complaint.

"That at the time and place when and where the plaintiff left said car while the same was in motion, she knew or by the exercise of due care and caution for her own safety should have known, that it was dangerous for her to leave said car while the same was moving, as aforesaid, but notwithstanding, she failed to exercise any care or precaution as to the manner in which she left said car, and walked or jumped or stepped from the same as aforesaid."

This matter was denied by the reply.

At the conclusion of the trial, defendant's counsel requested the following instructions upon the subject of contributory negligence, which were refused and exceptions duly saved; nor was any instruction equivalent thereto given:

"You should return a verdict in favor of the defendant in this action, unless you are satisfied from a preponderance of the evidence that the plaintiff has been injured by reason of the negligence of the defendant, as alleged in plaintiff's complaint, and without any fault or contributory negligence upon her part.

"The particular negligence alleged in plaintiff's complaint and the only negligence as to the defendant which you have a right to consider, is that after the defendant's car had been brought to a stop at plaintiff's request, to permit her to alight, and while she was in the act of leaving the same, the defendant negligently and without notice or warning to plaintiff, suddenly and violently started the car forward along the track, thereby throwing plaintiff. This is the only negligence alleged in the complaint, and I there-

fore instruct you that you cannot return a verdict
in favor of the plaintiff unless you find from a pre-
ponderance of the evidence that the defendant was
negligent in the respect charged, and that defendant's
negligence in that respect, without any fault or con-
tributory negligence upon the part of the plaintiff,
caused the accident.

"If you find from the evidence that in alighting
from the defendant's car at the time and place of
this accident, the plaintiff failed to exercise ordinary
and reasonable care for her own safety, and that
her own negligence in any respect contributed in any
degree to the accident which happened, then your
verdict should be for the defendant, even though you
may also believe from the evidence that the defend-
ant was negligent."

REVERSED AND REMANDED.

For appellant there was a brief over the names of
*Messrs. Griffith, Leiter & Allen, Mr. F. J. Lonergan*
and *Mr. Bert W. Henry,* with an oral argument by
*Mr. Cassius R. Peck.*

For respondent there was a brief over the name of
*Messrs. Asher & Johnstone,* with an oral argument by
*Mr. Hamilton Johnstone.*

McBRIDE, J.—The pivotal question presented on
this appeal is this: Where the complaint charges that
an injury was produced by the negligent act or omis-
sion of the defendant's employees, and the answer
denies both the fact of the injury and the negligence
of said employees and alleges that if any injury oc-
curred it was caused by the negligent act of the plain-
tiff in attempting to alight from the car while in
motion, is the defendant entitled to an instruction
based upon the theory of contributory negligence of
the plaintiff? While the question seems to be settled
in this state by the decisions heretofore rendered by

this court, which will hereinafter be cited, it is not inappropriate here to consider the decisions of other jurisdictions and the general logic of the law in order to show that these holdings enunciated by justices of this court who have since passed to the great beyond are supported both by logic and the most enlightened precedent.

1. The history of the development of the law on these subjects discloses a great variance of judicial opinion. In the earlier cases and in some instances until the present it has been held that the burden of pleading want of contributory negligence is upon the plaintiff: *Beers* v. *Housatonic R. Co.,* 19 Conn. 566; *Augusta So. Ry. Co.* v. *McDade,* 105 Ga. 134 (31 S. E. 420); *Spokane & P. Ry. Co.* v. *Holt,* 4 Idaho, 443 (40 Pac. 56); *Chicago, B. & Q. R. Co.* v. *Levy,* 160 Ill. 385 (43 N. E. 357); *Cincinnati etc. Ry. Co.* v. *Grames,* 8 Ind. App. 112 (34 N. E. 613, 37 N. E. 421); *Lamport* v. *Lake Shore & M. S. R. Co.,* 142 Ind. 269 (14 N. E. 586); *Rusch* v. *Davenport,* 6 Iowa, 443. There are similar holdings in Louisiana, Maine, Massachusetts, Michigan, New York, Texas and Vermont. In some of these states this rule has been changed by statute, and in others construed away by later decisions. In states holding to this doctrine, it naturally follows that a general denial was sufficient to admit the defense of contributory negligence. A large majority of the other states including Oregon hold generally that the defense of contributory negligence must be pleaded and proved by the preponderance of evidence, in order to be available. Indeed, the later holdings in the courts of some of the states which originally enunciated a contrary doctrine are to that effect, now, notably in Indiana, where a contrary rule has been established by statute, and in Louisiana, as

shown by *Pollich* v. *Cellars,* 42 La. Ann. 623 (7 South. 786). So that it may safely be affirmed that contributory negligence is held by the great weight of authority to be a defense which must be pleaded and proved in order to be available, except perhaps in those rare instances where it conclusively appears from the testimony adduced by plaintiff.

2. This conclusion, while establishing the principle that contributory negligence to be available as a defense must be pleaded, still leaves open the question as to whether an answer which denies defendant's negligence and alleges that the negligence of plaintiff contributed to or produced the injury, is sufficient to justify a defense of contributory negligence. In other words, must the defendant confess his own negligence before he can be permitted to prove the negligence of the plaintiff contributing to the injury? In our opinion, the fairer and better rule is that a plea of negligence by plaintiff is not inconsistent with a denial of defendant's negligence, and that such plea is broad enough to admit evidence and an instruction on behalf of defendant, based upon the theory of contributory negligence.

"In Louisiana it is held that a plea of contributory negligence admits an issue of negligence on the defendant's part. But if this means that a plea of contributory negligence is in the nature of a plea of confession and avoidance, admitting the negligence of the defendant, and avoiding it by showing that the plaintiff was also negligent,—then it is unsound and incorrect, unless in a special application to rules of pleading peculiar to particular states. The pleading of contributory negligence as a special defense is not inconsistent with a denial of the negligence of the defendant. The rule of the modern Codes which forbids the pleading of inconsistent defenses is therefore not violated by the defendant denying his own

negligence and setting up the negligence of the plaintiff. Hence, the defendant cannot be required to elect between two separate paragraphs of his answer, one of which denies any negligence on his part, while the other sets up contributory negligence on the part of the plaintiff. A defendant may, then, both traverse the complaint and plead contributory negligence; but, as the defenses are distinct and different, they should be set out in separate paragraphs of his answer." 1 Thompson on Negligence (2 ed.), § 390.

3. Assuming it to be established that a plea of contributory negligence is not a plea in the nature of confession and avoidance, and that a defendant may generally deny negligence and at the same time plead the contributory negligence of the plaintiff, the next question concerns the manner in which such negligence should be pleaded. Upon this point the writer is of the opinion that many of the courts have made the mistake of laying too great stress upon the term "contributory negligence." The weight of precedent outside of this state is undoubtedly to the effect that the term "contributory negligence" indicates that there was some other negligence than that of the defendant, which tended to produce the injury, a conclusion logically opposed to the doctrine enunciated by Mr. Thompson, *supra,* and the authorities cited by him in support of it. The logical view is that there may be an act by a defendant, not in itself negligent, which coupled with the negligent act of an injured person has produced an injury to him; in other words, that the plaintiff by contributing to the lawful act of defendant a negligent act of his own has produced an injury. This case may furnish an example. It was a perfectly lawful and proper act for defendant to move its cars on the public streets. Such an act in itself could produce no injury. But

if in addition to this fact, it should appear that plaintiff negligently stepped off the car while it was in motion, and was thereby injured, it can fairly be said that the lawful and proper act of defendant in running its car upon the public street, plus the negligent act of plaintiff in alighting from the car when the same was so in motion, concurred to produce the injury, which could not have occurred had the car been standing still. Plaintiff's contribution to the accident would be the negligent act of attempting to alight when the car was in motion. It was not negligence contributing to someone's else negligence, but negligence contributing to an injury, the joint result of two acts, one lawful and the other negligent. These observations have no relation to the merits of the instant case except in so far as they serve to illustrate the contentions of the parties.

The view above taken seems to coincide with that announced in *Troll* v. *Cement Co.*, 160 Mo. App. 501, 509 (140 S. W. 963, 966), where the court said:

"It is certainly competent to employ the word 'contributed' where the proof tends to show that defendant's negligence concurred with that of a third party, the act of God or a mere accident, and contributed therewith to produce the injury."

See, also, *Weingartner* v. *Louisville & N. R. Co.*, 19 Ky. Law Rep. 1023 (42 S. W. 839), in which an answer almost identical with that in the instant case was held a sufficient plea of contributory negligence. It must be remembered that we are not now dealing with technical definitions of what constitutes contributory negligence, but with the question of what is a sufficient pleading to permit a party to offer proof and have an instruction on that subject.

4, 5. Now that the old doctrine that it is a plea in confession and avoidance is practically discarded by the later decisions, it seems absurd to say that while under a plea that plaintiff's negligence was *partly* the cause of the accident, defendant may offer proof and have an instruction upon the theory of contributory negligence of plaintiff, yet if he goes a step further and pleads that plaintiff's negligence was *wholly* the proximate cause, his testimony to the effect that it was partly the cause must be disregarded. The reasoning which makes a part more comprehensive than the whole does not appeal to the writer's sense of judicial logic. These remarks may partake somewhat of the nature of *dictum*, but are intended to show that the opinion of the late Mr. Chief Justice MOORE in *Edlefson* v. *Portland Ry., L. & P. Co.*, 69 Or. 18 (136 Pac. 832), and the opinions of the late Mr. Justice BENSON in *Susznik* v. *Alger Logging Co.*, 76 Or. 189 (147 Pac. 922, Ann. Cas. 1917C, 700), and *Tabor* v. *Coin Machine Mfg. Co.*, 85 Or. 194 (166 Pac. 529), are not so repugnant to logic and precedent as to justify this court in repudiating them, but, on the contrary, are in accord with progressive precedent and fair and liberal construction of pleadings. Such pleading does not tend to mislead plaintiff as to the defense contemplated or deprive her of any right to which she is entitled. Courts should as a rule be reluctant to sweep away a precedent of long standing. By these decisions we have encouraged the method of pleading here indicated, and said to the profession that it is sufficient. Indeed, it is highly probable that the answer in this case was drawn with the opinion in the Edlefson case in the mind of the pleader, and it is quite probable that other pleadings in like cases have been drawn with these opinions in

view. It would be unjust and wholly inexpedient to adopt a different rule and thus mislead the profession, and especially where no substantial injustice has been or can be the result of the doctrine heretofore announced. The defendant was entitled to have an instruction on contributory negligence, and the failure to give it was error.

6. It is next suggested by the plaintiff that as the instructions given on the previous trial were identical with those given on the second trial and as there was no exception taken to them at the first trial and no request was made for an instruction on contributory negligence, these questions have become *res adjudicatae* and cannot again be raised at any stage of the case, after the former appeal. This doctrine is stated in the following language:

"All questions that could have been raised on the first appeal are concluded by that decision and are *res adjudicatae* on a second appeal."

This is a correct statement of the law, but the error lies in the application of it. Counsel confuse the term "first appeal" with "first trial." The objection to the refusal of the court to give an instruction on contributory negligence was not involved on the first appeal, because no such instruction had been asked or refused. It was not in the record. Any question appearing in the record which could have been passed upon in the first appeal was concluded by the decision therein, whether it was actually passed upon or not, and this is as far as the decisions go. Upon a second trial counsel are not precluded from asking new or different instructions on points not suggested or urged by them on the last trial or saving exception to a refusal to give such instructions. *Haynes* v. *Trento,* 123 Mo. 326, 335 (27 S. W. 622), was a case

similar in this regard to the case at bar; there, an
instruction in favor of plaintiff had been given at the
first trial and not excepted to or assigned as error.
The judgment was reversed for error in other partic-
ulars and the case was remanded for retrial.  Upon
the second trial the same instruction was given and
at that time excepted to and assigned as error on
appeal.  The court held the instruction erroneous
and reversed the case on account of it.  And in an-
swer to the objection that by failing to urge this
objection on the first appeal the matter had become
*res adjudicata,* the court said:

"We can see no possible basis for holding defendant
estopped to object to the instruction on this appeal,
even conceding that the city did not object to it on
the former one.  The city may then have waived its
right to a reversal on that point by not raising it,
but it did not thereby consent to the same error at
a later trial, or estop itself to then object to such
error."

The Oregon cases cited do not sustain plaintiff's
contention.  In *Hanley* v. *Combs,* 60 Or. 609 (119 Pac.
333), there was no objection to the sufficiency of the
pleadings on the first appeal.  On the second appeal,
with the same pleadings, a motion appeared for judg-
ment on the pleadings.  We held that because the
case was here on a previous appeal with the same
pleadings not objected to, it was too late to raise the
question of their sufficiency on the second appeal.
But in that case it was competent for the plaintiff to
have raised the question of the sufficiency of the
pleadings on the first appeal because the case was here
and the pleadings were here; while in the present in-
stance there was no request for the instruction which
is the "bone of contention" here, and consequently
no record which could have been considered here on

the first appeal. In the case of *Benbow* v. *The James John,* 61 Or. 153 (121 Pac. 899), the same conditions obtained and the same ruling was made. Both opinions proceeded on the theory that because the record was here and capable of being attacked on the first appeal, it was too late to urge an objection on a second appeal which might have been presented upon the first.

For the reasons above given the judgment must be reversed and the cause remanded for a new trial.

                    REVERSED AND REMANDED.

BURNETT, C. J., and HARRIS and RAND, JJ., concur.