Argued April 4, reversed April 26, 1973

TROTTER, *Respondent, v.* McKELLIP, *Appellant.*

509 P2d 31

Sam F. Speerstra, Salem, argued the cause for appellant. With him on the briefs were Rhoten, Rhoten & Speerstra, Salem.

Raymond J. Conboy, Portland, argued the cause for respondent. With him on the brief were Garry Kahn, and Pozzi, Wilson & Atchison, Portland.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.

Plaintiff, defendant Mitchell McKellip, and several other young people attended a party after a football game. On the way home from the party, plaintiff was riding as a guest passenger in an auto driven by defendant McKellip. The defendant's auto went out of control when the driver attempted to avoid a collision with a vehicle driven by defendant Edward Campbell, and plaintiff was seriously injured. A jury returned a verdict for plaintiff against defendant McKellip and in favor of defendant Campbell. Defendant McKellip appeals.

The plaintiff alleged that the defendant was grossly negligent in driving at an excessive speed and failing to keep a proper lookout and proper control "after having consumed certain alcoholic beverages."

The defendant's answer consisted of a denial and the following affirmative defense:

"As a further and separate answer and defense this defendant alleges that at the time and place set forth in plaintiff's amended complaint the plaintiff was negligent in that she voluntarily rode as a passenger in said automobile driven by this defendant and knew or should have known of any condition of this defendant which she now alleges in her amended complaint."

There was evidence during the trial that the defendant had consumed beer at the party. The extent of the drinking was disputed.

At the conclusion of the testimony the plaintiff moved to withdraw the defendant's affirmative answer from the consideration of the jury. After some colloquy the plaintiff withdrew the allegation in her complaint relating to the defendant having consumed alcoholic beverages.

Because of the withdrawal of the plaintiff's allegation concerning consumption of alcohol, the court struck the affirmative defense of contributory negligence alleged in defendant's answer. The court then advised counsel that although the allegation regarding drinking was removed, evidence of intoxication was still relevant and might be considered by the jury as it related to the allegation of lack of control. *Christianson v. Muller,* 193 Or 548, 552, 239 P2d 835 (1952). The court instructed the jury to the same effect.

We conclude that the trial court erred in withdrawing the defendant's affirmative defense.

■ The law is well established that a person who voluntarily rides in a car driven by one whom he knows, or in the exercise of due care should know, is

under the influence of intoxicating liquor to the extent that it impairs his ability to drive safely is guilty of contributory negligence. *Zumwalt v. Lindland,* 239 Or 26, 396 P2d 205 (1964); *Bailey v. Rhodes, Adm.,* 202 Or 511, 276 P2d 713 (1954).

The plaintiff testified that she observed the defendant drinking beer at the party, that he left the party for a short period, taking three or four bottles of beer with him, and that when she and defendant left the party the defendant's eyes "were bloodshot and sort of glassy."

In *Zumwalt v. Lindland,* supra, as in the case at bar, there was no allegation of intoxication on the part of the driver. The same defense of contributory negligence was alleged. We stated:

"The question, then, comes down to this: Will evidence of the driver's drinking of a substantial amount of beer, known to the guest, and nothing more, support the submission of contributory negligence to the jury in a case brought under ORS 30.115? We hold that it will.

"* * * * *

*"There was no contention that the defendant was intoxicated. However, a jury could have considered from the youthfulness of the parties and from the manner in which they had been spending their time immediately prior to the accident that the defendant's ability to operate his vehicle safely had become impaired and that a reasonable person in the plaintiff's position should have known that it was unsafe to ride with the defendant under all the circumstances."* (Emphasis supplied) 239 Or at 36-37.

■ The trial court in the instant case erred when it allowed the jury to consider the evidence of defendant's drinking as it may have affected his driving, but

refused to allow the jury to consider the drinking in relation to whether or not the plaintiff was guilty of contributory negligence in riding with the defendant.

The plaintiff also argues that defendant's position cannot be sustained because his defenses were inconsistent. According to plaintiff the defendant could not deny plaintiff's allegation that he had "consumed certain alcoholic beverages" and also affirmatively allege that plaintiff rode with defendant when she should have known of his condition. In other words, "a defendant cannot testify that he was sober, while alleging the plaintiff should have known he was drunk."

■ We disagree. The evidence concerning defendant's drinking was seriously disputed. It is entirely permissible for a defendant in his answer to deny plaintiff's allegations of negligence—which, in this case, included driving his vehicle negligently "after having consumed certain alcoholic beverages"—and, in addition, allege contributory negligence as a defense. The defenses are not inconsistent. *See Willoughby v. Driscoll,* 168 Or 187, 120 P2d 768, 121 P2d 917 (1942); *Wallace v. Portland Ry. L. & P. Co.,* 103 Or 68, 204 P 147 (1922); *Edlefson v. Portland Ry., Light & Power Co.,* 69 Or 18, 136 P 832 (1914); 1 Bancroft's Code Pleading 413, 453, §§ 256, 290 (1926).

Reversed and remanded for a new trial.