JOHN GALGANSKI AND FRANCISZKA GALGANSKI, PLAINTIFFS, v. CHARLES ANDRYSIAK, MICHAEL ANDRYSIAK AND STANLEY ANDRYSIAK, DEFENDANTS.

Decided February 13, 1930.

For the plaintiffs, *Weltchek & Weltchek*.

For the defendants, *William P. Braun*.

The opinion of the court was delivered by

CASE, J. Defendants' attorney served a demand for a bill of particulars on plaintiffs' attorney, and the latter at the time agreed to make reply thereto; later plaintiffs' attorney refused to render the bill of particulars upon the ground that defendants' answer was filed prior to the serving of the demand and that, under the rules and cases, the demand was therefore untimely; whereupon defendants' attorney, on notice, applied for an order directing that the particulars be furnished.

The action sounds in tort. *Hopper* v. *Gillett*, 6 *N. J. Mis. R.* 63, distinguishes between contract cases, which it

determines to be largely, if not entirely, regulated by the statute, and tort cases, which it declares are controlled by the common law. In that case, sounding in tort, a bill of particulars was ordered even though answer had been filed, but the demand was made before answering and plaintiffs had stipulated in open court that the filing of an answer should not operate as a waiver of defendant's right, if any, to apply for further answers to the demands.

It is said in *Arch. Pr.* 221 that the obtaining of a bill of particulars by the defendant "is usually done before plea pleaded although it is discretionary with the judge to make an order at any time before the trial, whether the application be made by the defendant or plaintiff." *Tidd Pr.* says (at *p.* 596), "the summons for particulars, however, is usually taken out after appearance and declaration and before plea," and (at *p.* 597), "in actions for wrongs, the injury complained of is in general stated in the declaration, and therefore, in such actions, it is not usual to make an order for the particulars; but the circumstances may occur which render it necessary," and, further, "the granting of an order of particulars is considered as a matter of favor." The gist of which is that under the practice there outlined bills of particulars were less usual in cases of tort than of contract, and in either the allowance was ordinarily before answer filed and was discretionary. So far as I am aware the same practice maintains to-day with respect to time of allowance and the discretionary phase thereof.

I apprehend that for special and satisfactory reason a bill of particulars in tort cases could be ordered after answer filed; but no reason is now presented other than that the defendants seek the information and the plaintiffs' attorney promised to give it. Had the undertaking of plaintiffs' attorney misled the defendants into taking a position they otherwise would not have assumed I would have considered that a special reason; but the defendants had already filed their answer when they made demand for the bill of particulars and they received the assurance with respect to the same. The defendants do not appear to be affected adversely. To countenance

as regular and ordinary the making of such demand after answer filed would be, I think, to recognize a change in the practice; and I am not disposed to do that without a more complete and exhaustive argument than was made on the hearing of the application.

The order is denied.