KENT FEATHER COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. WEST HUDSON COUNTY TRUST COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT.

Decided February 19, 1938.

For the plaintiff, *William L. Greenbaum.*

For the defendant, *Frank W. Hastings.*

SMITH, JOSEPH L., S. C. C.   This comes on a motion to strike a demand for bill of particulars.   The plaintiff's action is in tort for damages sustained as the result of alleged negligence of the defendant in the maintenance of the building occupied by the plaintiff and owned by the defendant.

Plaintiff is in the feather business, and seeks damages to its business.   The defendant previously having demanded and received certain particulars of the plaintiff's claims, seeks further bill of particulars.

The first ground of the motion to strike the demand for the bill of particulars, is that it is improper in time, because the defendant has already filed an answer, and the parties are at issue, and the case is listed for trial.   The plaintiff maintains that as a matter of law, the defendant at this time is not entitled to particulars.

The power of the court to grant bill of particulars in a tort action, after issue joined, where the questions asked are proper, is no longer a matter of dispute in New Jersey.   In *Abe Cantor* v. *Public Service Corp.*, 10 *N. J. Mis. R.* 1285; 162 *Atl. Rep.* 876, Mr. Justice Katzenbach said:

"The fact that this case is a tort action and that issue has been joined by the filing of an answer is no bar to the authority of the court to order a bill of particulars to be furnished

the defendant by the plaintiff. The exercise of this power on the part of the court is discretionary, and should only be exercised where the court is satisfied that justice to the demanding party requires the furnishing of the information sought. To hold otherwise, would be to countenance a practice that would be harassing and vexatious, and would, in many instances, prolong trials in matters relatively unimportant to the issues. Whether a demand for a bill of particulars should be ordered depends upon the circumstances of each case. It therefore requires consideration, *serialim,* of the questions above set forth forming the demand."

See, also, *Wigler* v. *Public Service Corp.,* 10 *N. J. Mis. R.* 1077; 162 *Atl. Rep.* 878, to the same effect, and in *Galganski* v. *Andrysiak,* 8 *N. J. Mis. R.* 96; 149 *Atl. Rep.* 57, Mr. Justice Case stated:

"It is said in *Arch. Pr.* 221, that the obtaining of a bill of particulars by the defendant 'is usually done before plea pleaded although it is discretionary with the judge to make an order at any time before the trial, whether the application be made by the defendant or plaintiff.' *Tidd Pr.* says (at *p.* 596), 'the summons for particulars, however, is usually taken out after appearance and declaration and before plea,' and (at *p.* 597), 'in actions for wrongs, the injury complained of is in general stated in the declaration, and therefore, in such actions, it is not unusual to make an order for the particulars; but the circumstances may occur which render it necessary,' and, further, 'the granting of an order of particulars is considered as a matter of favor.' The gist of which is that under the practice there outlined bills of particulars were less usual in cases of tort than of contract, and in either the allowance was ordinarily before answer filed and was discretionary. So far as I am aware the same practice maintains today with respect to time of allowance and the discretionary phase thereof."

It is quite clear, therefore, that the court has the power to grant a demand for bill of particulars after issue joined, and it is also clear that such power must be used with discretion and according to the circumstances of each case.

The exact nature of the questions asked and the particulars demanded, does not appear from the briefs submitted in the present case. It is alleged by the plaintiff that some of the questions have previously been denied. Such questions will not be allowed unless a change of circumstances is shown. As to the propriety of the other questions, counsel will be permitted to present oral arguments pertaining to the reasonableness and necessity of the particulars demanded.

Counsel may therefore, present their oral arguments pertaining to the questions in particular, in accordance herewith.