## UNION TRACTION COMPANY OF INDIANA *v.* SICELOFF.

[No. 4,952.    Filed November 15, 1904.    Rehearing denied January 27, 1905.]

1. TRIAL.—*Motion to Make More Specific.*—Where the complaint charges that plaintiff was thrown on a brick pavement with such force that he was unconscious for six hours; that his head struck on the back and cut the skin open; that the muscles of his back were sprained and disarranged, and that they became stiff and sore, and he is unable to do any work; that his elbows struck, cutting them to the bone and tearing the flesh away; that plaintiff was confined to his bed for five weeks, and is rendered a permanent cripple, and never will be able to work like he did before; and that since said injuries he has been unable to work, and will be a permanent cripple, it is not reversible error to overrule a motion to make more specific as to the injuries received.    *Tipton Light, etc., Co.* v. *Newcomer*, 156 Ind. 348, distinguished.    p. 512.

2. PLEADING.—*Complaint.*—*Negligence.*—Where a complaint in an action by a passenger against a carrier charged that the conductor stood on the rear platform of the car, and could have seen, and did see the position of the passengers at all times, and that as plaintiff was stepping from the lower step off the car, the conductor negligently signaled for the car to start, which it did, with a violent jerk, inflicting the injuries complained of, such complaint is sufficient as to the charge of negligence, since it is the duty of the conductor to know whether passengers have alighted before he starts the car.    p. 513.

3. CARRIERS.—*Passenger.*—*Stepping from Car in Motion.*—*Contributory Negligence.*—Whether a car from which plaintiff alighted had stopped at a street crossing for passengers to alight and the car started before he had alighted, or whether such passenger stepped off after the car had crossed the street and was under headway, was a question for the jury.    p. 514.

From Tipton Circuit Court; *James F. Elliott,* Judge.

Action by William P. Siceloff against the Union Traction Company of Indiana. From a judgment on a verdict for $1,200, defendant appeals. *Affirmed.*

*J. A. Van Osdol, W. A. Kittinger* and *Coleman & Carter,* for appellant.

*H. C. Austill, Alfred Ellison* and *W. S. Ellis,* for appellee.

ROBINSON, J.—1. Suit by appellee for damages for a personal injury. There was no reversible error in overruling appellant's motion to make the complaint more specific in its averments as to the nature and extent of the injuries claimed to be permanent. Upon this question the averments are that appellee "was thrown with such force to said brick pavement that he was rendered unconscious for a period of about six hours; that his head hit said pavement with great force, and the skin on the back thereof was cut open; that he fell upon his back with such great force that the muscles thereof were strained and disarranged, and have since become stiff and sore, and the plaintiff is unable to do manual labor of any kind; that in falling he also struck his elbows on said pavement, and the flesh was thereby torn away, and the bones at the elbow joints were exposed to view; that the plaintiff was compelled to and did keep his bed for a period of five weeks on account of said injuries, and was then and there and thereby rendered a permanent cripple, and is not now nor never will be able to do and perform the manual labor that he was able to do and perform [before] receiving the injury herein complained of." After stating what appellee was earning at manual labor before the injury, it is averred, "but that since said time has not been able to do any manual labor of any kind, and has been permanently disabled and crippled by said injury."

The complaint sufficiently describes the injuries appellee claims he received. These injuries he avers rendered him

a permanent cripple. Whether they did or not must be determined from the evidence. If the injuries described permanently disabled appellee, the jury could take that fact into consideration in determining the amount of damages, and this would be true whether he averred that the injuries received were permanent, or did not aver it. No question is here presented of an attempt to prove injuries different from those averred. More specific averments as to the injuries received were certainly not essential to advise appellant of the cause of action it was called upon to defend. We fail to see that denying the motion was in any way prejudicial to appellant's rights. See *Ohio, etc., R. Co.* v. *Selby* (1874), 47 Ind. 471, 497, 17 Am. Rep. 719; *Town of Elkhart* v. *Ritter* (1879), 66 Ind. 136; *Ohio, etc., R. Co.* v. *Cosby* (1886), 107 Ind. 32; *Heltonville Mfg. Co.* v. *Fields* (1894), 138 Ind. 58; *Indiana Stone Co.* v. *Stewart* (1893), 7 Ind. App. 563; *American Fire Ins. Co.* v. *Sisk* (1894), 9 Ind. App. 305. In *Tipton Light, etc., Co.* v. *Newcomer* (1901), 156 Ind. 348, cited by counsel, it was the averment as to the alleged negligence that was held insufficient against a motion to make more specific.

2. The complaint is not open to the objection that it fails to charge negligence. It is averred that the car had stopped at a regular stopping place, and appellee and other passengers began to leave the car by the rear platform; that the "conductor stood on the rear platform of said car, and could have seen, and did see, the position of said passengers at all times from the time they left their seats in the car until they stepped off of the steps thereof;" that as appellee was in the act of stepping from the lowest car step to the street the car was suddenly started with a violent jerk; that the conductor could have seen the position appellee was in at the time, "but did then and there, without regard to the dangerous position in which plaintiff was placed, negligently signal or permit said car to be started, and cause

plaintiff to be hurled" to the ground. Whether or not the conductor saw the perilous position of appellee when he caused the car to start, it was his duty, being in charge of the car, and the car having stopped to permit appellee and other passengers to alight, to ascertain and know whether the pasengers had alighted before he started the car. See *Terre Haute, etc., R. Co.* v. *Buck* (1884), 96 Ind. 346, 49 Am. Rep. 168; *Anderson* v. *Citizens St. R. Co.* (1895), 12 Ind. App. 194; *Citizens St. R. Co.* v. *Hoffbauer* (1900), 23 Ind. App. 614.

3. The remaining question argued is that the evidence shows appellee was guilty of negligence contributing to his injury; that it shows that he went upon the steps of the car when in motion and running with increasing speed, and deliberately stepped off. Whether the car had stopped at the street crossing, and while appellee was attempting to alight from the car, and before he had alighted, the car was started, or whether the car was running rapidly, after it had crossed the street crossing before appellee attempted to alight, were questions for the jury to determine from the evidence; and from a careful consideration of the evidence. it is clear that we can not disturb the jury's conclusion without weighing the evidence. The record discloses some evidence to support the verdict.

Judgment affirmed.