## CANTOR v. PUBLIC SERVICE RAILWAY COMPANY.

Decided January 23, 1923.*

*Received for publication November 3, 1932.

For the motion, *John H. Fryling* and *Joseph Coult, Jr.*

Opposed, *James Mercer Davis.*

KATZENBACH, J. The defendant in this case moves for an order requiring the plaintiff to furnish answers to certain questions which, considered together, may be said to form a demand for a bill of particulars. The questions are as follows:

"1. Describe particularly the manner in which you were injured, and what physical injury you suffered by reason of the accident complained of.

"2. Were you confined to your bed by reason of the injury complained of, and if so, for how long?

"3. Were you confined to your house by reason of the injury complained of, and if so, for how long?

"4. How much did you expend for physicians' bills, if anything?

"5. Did you expend anything for medicine? If so, how much, from whom and at what address did you procure it?

"6. For what number of days were you prevented from earning money at your occupation as a consequence of the accident and on what day did you return to your occupation after the accident?

"7. Are you entirely cured of the injuries you sustained by reason of the accident? If not, state fully and particularly in what respect you still suffer from the injury you claim to have sustained.

"8. Give an itemized statement of the disbursements and losses incurred by you and by reason of the injuries alleged.

"9. Were you the sole owner of the automobile described in your complaint?

"10. If you were not the sole owner of the automobile, what interest did you hold in it? Also give the names and addresess of any other persons having an interest in said automobile.

"11. Please state the make, type and model of the automobile which you claim was damaged by reason of the accident complained of, and the year in which the automobile was made.

"12. From whom did you purchase the automobile, giving the name and address and the date of purchase?

"13. How much did you pay for the automobile?

"14. Was the automobile new or old at the time of its purchase by you?

"15. Who repaired the automobile, giving name and address, and how much did the repairs cost?"

The plaintiff resists the motion on the following grounds: First, that a bill of particulars cannot be demanded in a tort action; second, that a bill of particulars cannot be demanded after an answer has been filed; and, third, that the information asked for obliges the plaintiff to disclose matters of evidence to which the defendant is not entitled.

In the case of *Watkins* v. *Cope,* 84 *N. J. L.* 143; 86 *Atl. Rep.* 545, 547, Mr. Justice Parker said: "It is true that section 102 of the Practice act of 1903 provides only for a demand of particulars in contract cases; but I do not understand that this in any way abrogated the common law practice of directing a bill of particulars to be furnished by either party in a proper case, whether of contract or tort. Section 102 was repealed by the act of 1912, but rule 18 appended to the latter act says that: 'Bills of particulars may be ordered as heretofore.' * * * The rule at common law was well settled that in a proper case particulars would be ordered in all classes of legal actions. * * * The rule as broadly laid down in the famous case of *Tilton* v. *Beecher,* 59 *N. Y.* 176, 184; 17 *Am. Rep.* 337, with abundant citation of authority, is that: 'A bill of particulars is appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial with greater particularity than is required by the rules of the pleading.' This disposes of the question that in tort actions the court has no power to order a party to furnish a bill of particulars."

In Zitarski *v.* Hahne Co. (a tort action), decided in this court December 27th, 1913, the Chief Justice ordered that a bill of particulars be furnished to the defendant after he had answered the plaintiff's complaint, hence a bill of particulars may be ordered to be furnished even after issue has been joined.

The fact that this case is a tort action and that issue has

been joined by the filing of an answer is no bar to the authority of the court to order a bill of particulars to be furnished the defendant by the plaintiff. The exercise of this power on the part of the court is discretionary, and should only be exercised where the court is satisfied that justice to the demanding party requires the furnishing of the information sought. To hold otherwise would be to countenance a practice that would be harassing and vexatious, and would, in many instances, prolong trials in matters relatively unimportant to the issues. Whether a demand for a bill of particulars should be ordered depends upon the circumstances of each case. It therefore requires consideration, *seriatim,* of the questions above set forth forming the demand.

The first question is, in my opinion, sufficiently answered in the complaint. The complaint fully sets forth the time, place, and circumstances of the accident, and sufficiently apprises the defendant of these matters for it to prepare its defense. The complaint also sets forth with very considerable particularity the injuries of the plaintiff, in that it says that they consist of severe bruises, contusions, and lacerations of his head, body, and limbs, and especially his neck, and an affection of his heart, which condition the plaintiff believes and avers is permanent in character. Furthermore, where a defendant is entitled to a physical examination of the plaintiff, it seems to me that the ends of justice do not require the plaintiff to set forth, in answer to a demand for a bill of particulars, a minute description of the physical injury suffered by reason of the accident. In many instances the plaintiff would not be able minutely and technically to describe his injuries.

The second, third, fourth and fifth questions, in my opinion, call for particulars which are not necessary for the preparation of the defendant's case.

What has been said with reference to the second, third, fourth and fifth questions applies also to the sixth. In addition to this reason, the plaintiff does not seek damages for loss of earnings, as the complaint reads: "In consequence of which [the accident] the plaintiff has suffered great pain

of mind and body thence hitherto, and will, in the future, on account of the nature of his said injuries, be compelled to lay out and expend large sums of money in and about having his said injuries cured, and the automobile of the plaintiff was demolished due to carelessness as aforesaid." It may be that the court would allow, if objections were made, an amendment covering the loss of earnings growing out of the accident, yet, as it is not especially claimed, I think, for this reason, as well as the other given, that the plaintiff is not required to answer this question.

The seventh question is one which seeks information which the defendant can obtain by a physical examination of the plaintiff. It is also a question which the plaintiff, in all probability, would be unable to answer, as it requires expert knowledge.

The eighth question is too broad and requires information which goes beyond the claims for damages made in the complaint.

The ninth question is one which the plaintiff should, in my opinion, answer, as he states in his complaint that: "The automobile of the plaintiff was demolished due to the carelessness, as aforesaid." I will therefore sign an order requiring the plaintiff to furnish to the defendant the information sought by the ninth question, and also the tenth and eleventh questions.

The twelfth, thirteenth, fourteenth and fifteenth questions call for matters not necessary, in my opinion, for the preparation of the defense.

No costs will be allowed to either party on this motion.