HAZEL BENSON *v.* DWIGHT J. MOREY.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 8—decided November 10, 1942.

*M. J. Blumenfeld,* with whom, on the brief, was *Louis Shapiro,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

PER CURIAM. The sole claim of the plaintiff presented on this appeal, which she has taken from a judgment for the defendant in a negligence action, is that the trial court erred in refusing to permit her to strike out from her complaint an allegation that she was at all times in the exercise of due care. The action was returned to the first Tuesday of April, 1940, and the complaint containing the allegation in question remained without change up to the time of trial in February, 1942. When the case was reached, a good part of a day was spent by the court and counsel in getting ready for the trial, as the trial court stated, "going over every possible element that it seemed to be necessary to iron out, including those statements that were to be admitted." The next morning, before any evidence was offered, the plaintiff made a motion to strike out from the complaint the allegation in question but the trial court denied the motion.

The policy of our courts in allowing amendments to pleadings is liberal, but ordinarily whether or not one will be allowed rests in the discretion of the trial court. Conn. App. Proc., § 38. The allowance of the one here sought would necessarily have required repleading by the defendant, if he proposed to claim that the plaintiff was herself negligent, as counsel made it clear he did, stating that he would file a counterclaim; and this would have, at most, affected merely the burden of proof. In view of the failure of the plaintiff to take advantage of the ample opportunity she had to seek an amendment before trial and when the matter

was under discussion after the case was reached, we cannot say that the trial court abused its discretion in denying the motion.

There is no error.