JOHN BUONANNO, ADMINISTRATOR (ESTATE OF ROSINA BUONANNO) *v.* EVELYN CAMERON ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

514

Argued December 5, 1944—decided January 11, 1945.

*Stephen K. Elliott,* with whom were *Francis B. Feeley* and, on the brief, *Edward Mascolo,* for the appellant (plaintiff).

*J. Warren Upson,* for the appellees (defendants).

DICKENSON, J. The plaintiff claims error in the denial of his motion to set aside the verdict, in rulings on evidence and in the charge.

The plaintiff's intestate, a pedestrian, was struck and killed by the defendants' automobile on a public highway in the night season. The jury could have found that the highway was slippery from hard-packed snow; that it curved just before the point of collision; that the defendant's car was following another, which was about thirty-five or forty feet directly ahead, at a rate of speed of about twenty-five miles an hour; that the car ahead swerved suddenly to its right disclosing to the defendant operator for the first time the decedent near the center of the road and about twenty-five feet away; and that the defendant driver put on his brakes but the car slid forward and struck the decedent.

The plaintiff claims that the defendant operator's testimony was conflicting and that a fair interpretation of it would indicate that he saw the decedent in time reasonably to have avoided striking her had he been in the exercise of due care. It was for the jury to resolve any conflict in testimony. *Roberti* v. *Barbieri*, 105 Conn. 539, 542, 136 Atl. 85. They might reasonably have found that the presence of the decedent was not reasonably to have been anticipated by the defendant operator and that he was not negligent under the circumstances in failing to avoid striking her. The trial court was not in error in denying the motion to set aside the verdict. See *Doolan* v. *Werner*, 130 Conn. 394, 34 Atl. (2d) 731.

The plaintiff called a witness for the purpose of proving that the defendants' car passed him at a speed of thirty-five miles an hour three-quarters of a mile before the scene of the accident. The testimony was objected to as immaterial, irrelevant and incompetent, and the objection was sustained. It was within the court's discretion to rule that conduct of the defendant operator three-quarters of a mile from the scene of the accident was too remote, under the circumstances, to bear upon his conduct at the scene of the accident. *Knox* v. *Binkoski*, 99 Conn. 582, 586, 122 Atl. 400; and see *State* v. *Kelly*, 77 Conn. 266, 269, 58 Atl. 705. The plaintiff administrator was questioned on direct examination as to the health and financial standing of the decedent. On cross-examination he was asked if he expected to share in any recovery in the case. His direct testimony bore on the question of damages, and any interest in the outcome of the suit that he personally might have was a proper subject of inquiry. General Statutes, § 5582; 3 Jones, Evidence in Civil Cases (4th Ed.), § 828. There was no error in admitting the answer.

The complaint contained a primary allegation that the defendant operator operated his automobile carelessly and negligently, having regard to the width, slippery condition, bus stop, traffic and use of the highway and the intersection. This was followed by specific allegations of negligence as to speed, lookout, control, warning signal and braking. The court, in discussing these allegations, charged that the primary allegation added nothing to the complaint, being a general claim of negligence, and that the jury need spend no time over it. The court then took up the specific claims and gave instruction on these as to which no exception is taken. The plaintiff claims that the charge was prejudicial in that "the jury may have neglected to give this element of negligence the proper consideration." We are unable to see what elements of negligence the general allegation could refer to other than those relating to speed, control, observation, warning and braking, nor has the plaintiff called attention to any other. The instruction was adequate. *Lewandoski* v. *Finkel*, 129 Conn. 526, 530, 29 Atl. (2d) 762.

The trial court stated that the only direct evidence of the speed of the defendants' car was that the latter was traveling at the rate of twenty-five miles an hour and remarked that it would not suppose, if the jury found this to be the car's speed, that it was an unreasonable speed on that highway. The plaintiff claims this was prejudicial comment in that it tended to "direct" the jury as to the speed of the car. The court later outlined the evidence in detail and stated that the question of speed was one that was very far from being clear in the case, that the jury were the judges of the evidence and that they were free to ignore entirely what the court might say as to it. Especially in view of these later instructions, the statement complained of was well within the bounds of

fair comment. *Laffin* v. *Apalucci,* 128 Conn. 654, 657, 25 Atl. (2d) 60; *Heslin* v. *Malone,* 116 Conn. 471, 477, 165 Atl. 594.

The court charged in substance that on the one hand the jury had the claim of the plaintiff that the decedent was so far distant from the defendants' car when the car ahead swerved aside that the defendant operator was negligent in not avoiding striking her, and then stated: "On the other hand, you have to consider what might reasonably have presented itself to the mind of Cameron when, suddenly and unexpectedly, there is disclosed in the highway in front of him this pedestrian." The claim of the plaintiff is that this instruction unduly emphasized and supported the defendants' claim of a sudden appearance of the decedent in the path of the defendants' car, which was disputed. The comment apparently had reference to the evidence that the defendant operator applied his brakes but did not swerve aside as had the operator ahead. The substance of the court's comment read in the light of its following remarks was that the defendant operator had to decide whether it was safe to apply his brakes on the assumption that the decedent might step aside, or to swerve aside with the danger of the decedent's going in the same direction, and this was a matter for the jury to consider in determining negligence. It is within the range of permissible comment to call the jury's attention to inferences that may be drawn from the evidence. *Heslin* v. *Malone,* supra, 479.

There is no error.

In this opinion the other judges concurred.