WANDA SOSNOWSKI *v.* THOMAS W. LENOX ET AL.
JAMES STOKOS, ADMINISTRATOR (ESTATE OF ALTHENA
STOKOS) *v.* THOMAS W. LENOX ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 3—decided May 9, 1947

*C. J. Danaher* and *Edward Seltzer,* for the appellants (plaintiffs).

*William H. Tribou,* with whom were *William M. Harney* and *Robert E. Courtney, Jr.,* for the appellees (defendants Lenox).

*J. Stephen Knight,* with whom was *Morris Tyler,* for the appellees (defendants Fecto).

DICKENSON, J.  The plaintiffs in these actions, tried together, were passengers in a car owned by the defendant Charles Fecto, Sr., which had been loaned to his son, the defendant Charles Fecto, Jr., and was being operated by Stanley Hromiko.  The car collided with one belonging to the defendant Mrs. Thomas W. Lenox and operated by her husband, the defend-

ant Thomas W. Lenox. At the time of trial the plaintiffs moved to amend their complaints to make the administrator of the estate of Stanley Hromiko a party defendant. The motion was denied, a verdict was rendered for all defendants and the plaintiffs appealed, assigning error in the denial of the motion to amend, in the denial of the motion to set aside the verdict, in the charge, and in rulings on evidence.

The plaintiffs made no requests to charge and made no objection to the charge immediately after it was delivered. We do not consider the assignments of error relating to it. Practice Book § 156; *Svenberg* v. *Subotkouski*, 133 Conn. 329, 332, 50 A.2d 441. As to the denial of the motion to amend by adding the administrator of the estate of Hromiko as a defendant, he was not a necessary party as Hromiko's responsibility for the plaintiffs' injuries was, if any, that of a joint tort-feasor. *Iannucci* v. *Lamb*, 123 Conn. 142, 145, 193 A. 212. The complaint is dated January 11, 1945. Hromiko was killed when the accident occurred. The proffered amendment is dated April 16, 1946, and was offered just before the trial was to begin. The case had been specially assigned for trial on April 16 and a continuance previously had been denied the defendants upon the plaintiffs' objection. The trial court inquired if counsel representing the administrator was present in court and there was no response. Counsel for the defendants objected to the granting of the amendment on the grounds of delay, additional expense, and laches on the part of the plaintiffs. The denial of the motion was within the discretion of the trial court, which was not abused. Conn. App. Proc. § 38; *Benson* v. *Morey*, 129 Conn. 390, 391, 28 A.2d 843.

The agency of Lenox as operator of his wife's car

was conceded. The agency of Hromiko as operator of the Fecto car was denied. The verdict was general and may be supported as to the Fectos if there was no sufficient proof either of agency or of negligence. As to the defendants Lenox, the question is solely one of negligence of the driver of the Lenox car. On the evidence most favorable to the defendants, the jury could have found the following facts: About 11:55 p.m. on January 6, 1945, the defendant Lenox, operating his wife's car, drove it from the north curb of Farmington Avenue a short distance east of the intersection of Laurel Street, in low gear and headed west on his right side of the street. Hromiko was driving east on Farmington Avenue in the Fecto car, with the plaintiff Sosnowski, the other plaintiff's intestate, Althena Stokos, and three other persons as passengers, at a speed estimated by different witnesses at forty-five and sixty miles an hour and in a "zigzag" manner. The cars collided substantially head on, north of the center line of Farmington Avenue. They were thrown in the air and turned around by the force of the collision. Hromiko and Althena Stokos were killed and the other occupants of both cars were injured. Fecto, Jr., had taken his father's car earlier that evening with the latter's permission and had parked it in the rear of the Hartford Club, where he was attending a dance. While in the club he was approached by Hromiko and Siefringer, friends and fellow students in a local naval unit, who asked his permission to sit in the car. He gave them the keys to the car, the doors to which he had locked, and told them not to drive it out of the parking lot. They agreed that they would not. He next saw the car wrecked on Farmington Avenue after the collision.

On this evidence the jury reasonably could have found that the high speed and the manner in which Hromiko was driving the Fecto car on the wrong side of the road were the sole proximate cause of the collision and that no negligence of Lenox contributed to it. They further could have found that Hromiko had taken the Fecto car without permission of the owner, express or implied, and that the defendants Fecto were not liable. The trial court was not in error in denying the motion to set aside the verdict.

The plaintiffs have assigned error in numerous rulings on evidence. The rulings would be more clearly presented if there were a statement of explanatory facts; see Conn. App. Proc. § 87; and for a better understanding we have referred to the evidence brought before us by the plaintiffs, as we may when by so doing a conclusion of error can be avoided. Conn. App. Proc. § 73, p. 102. The defendant Thomas Lenox was called as a witness by the plaintiffs and the following took place on his direct examination. "Q. Do you know whether or not any blood test, any blood was taken from you for the purpose of a test that night? Mr. Harney [counsel for Lenox]. Object. The Court. Objection sustained. Mr. Danaher [counsel for plaintiffs]. I don't understand. The Court. How is it material whether blood was taken from him that night or not? Mr. Danaher. Oh, yes, if your Honor please, I have charged he was unfit to drive that night. The Court. You can show it by whoever did it. Mr. Danaher. I have to do it by him. The Court. The objection has been sustained. Mr. Danaher. Exception." The statement in the plaintiffs' brief that Lenox' hospital record, later put in evidence, disclosed that such a blood test

was taken, and the result of it, shows the ruling to have been harmless.

The plaintiffs called a police officer to the stand who testified that he had taken a statement from Lenox and, when asked what it was, started to read it. This was objected to on the ground that Lenox had testified as the plaintiffs' witness and his testimony could not be supplemented by statements he had made out of court. The objection being sustained, the plaintiffs asked the witness to testify to the statement after refreshing his memory by reading it. This the court also ruled out. An examination of the statement and of Lenox' testimony shows that the former did not differ materially from the latter. The ruling of the court could not have harmed the plaintiffs. *Guhring* v. *Gumpper,* 117 Conn. 548, 552, 169 A. 189. As to a further ruling of the court excepted to, excluding the testimony of another officer as to a statement made by Lenox, it is sufficient to point out that the court admitted all of it which was relevant or material to the issues in the case.

A plaintiffs' witness, who testified that he arrived at the scene of the collision three minutes after it occurred, was asked on direct examination as to the condition of cars parked beside the curb. The plaintiffs' counsel stated that he expected to prove these were damaged by the collision. An objection to the question was sustained. It appears, however, that the plaintiffs were later allowed to inquire as to the damage to the cars and the ruling was corrected. The witness was next asked if he had learned at that time that anybody had died, and this question too was excluded. No reason is given for the exclusion of the question. The suggestion is that the trial court considered it hearsay. It is unquestioned that

Hromiko and one of the passengers in his car did die in the collision and we see no harm in the ruling. A plaintiffs' witness, a companion of Lenox on a return trip from Springfield to Hartford just prior to the collision, was asked on cross-examination as to the manner in which Lenox drove his car on that trip. It appears from the colloquy of court and counsel that the plaintiffs had claimed that Lenox was unfit to drive the car at the time of the collision because of intoxicating liquor he had drunk in Springfield. The question was admitted over the objection of the plaintiffs and the witness testified that he thought Lenox operated his car on his own right side of the road. The court's statement that the only evidence of drinking was that done in Springfield was not questioned. Questions as to the effect of this drinking on Lenox' driving between that time and the time of the collision were proper on cross-examination. A defendants' witness testified that he first saw the Fecto car when it was about at Forest Street, that it was being driven on the wrong side of the road at about forty miles an hour and that the witness drove far over to his right and stopped. The plaintiffs took an exception on the ground that, at the time, the car was being driven some distance westerly of the point of the collision. Other than a statement by the court that it was "two blocks" away, the record does not show the distance. Without this information, we cannot say that the distance was so great as to make the question irrelevant; *Buonanno* v. *Cameron,* 131 Conn. 513, 515, 41 A.2d 107; particularly in view of the testimony of other witnesses that Hromiko continued to drive the car at a high speed and in a zigzag course down to the moment of the collision.

A final assignment of error as to rulings relates to

questions propounded to Charles Fecto, Jr., as the plaintiffs' witness, on direct examination concerning the use of the Fecto car by Hromiko. The witness was asked whether he was anxious to please Hromiko and desirous of maintaining a friendly relationship with him. The questions were ruled out. Their apparent purpose was to attack the credit of their own witness, who earlier, on examination by the plaintiffs, had definitely testified that he told Hromiko not to take the car from the parking place. The ruling was not erroneous.

There is no error.

In this opinion the other judges concurred.