Argued February 23; affirmed April 4; petition for rehearing
denied May 9, 1950

## MOE *v.* ALSOP
### 216 P. (2d) 686

*Allan G. Carson,* of Salem, argued the cause for appellant. With him on the brief was Wallace P. Carson, of Salem.

*Orval N. Thompson,* of Albany, argued the cause for respondent. On the brief were Weatherford & Thompson.

Before LUSK, Chief Justice, and BRAND, BAILEY, HAY and LATOURETTE, Justices.

HAY, J.

Action for damages for injuries to person and property claimed to have resulted from a collision of two automobiles. The collision occurred on June 14, 1946, at about 5:45 o'clock, p.m. Plaintiff was driving westerly upon the Albany-Sweet Home Highway (U.S. 20) and was approaching from the east the intersection of

that highway with the Sweet Home-Brownsville Highway (State 228). At that place, U.S. 20 runs in a straight course, nearly due east and west, while State 228 debouches therefrom southwesterly, the intersection forming a "Y". Defendant, at the same time, was driving easterly on U.S. 20, and was approaching the intersection from the west. The cars collided at or close to the easterly entrance to the intersection.

Plaintiff charged defendant with negligence, as follows: (1) Failure to have his car under control, (2) failure to maintain a lookout, (3) driving from his right side to his left side of the highway and into the path of plaintiff's car, (4) driving at a high and dangerous rate of speed under the conditions of traffic, roadway, intersection, etc. Defendant countercharged plaintiff with negligence, proximately causing the collision, as follows: (1) Failure to have his car under control, (2) failure to maintain a lookout, (3) driving at a speed greater than was reasonable and prudent having due regard to the traffic, surface and width of the highway and the hazard at intersections, etc., (4) turning his car to his right from a direct line toward and into intersecting Highway 228 without first seeing that such movement could be made with safety, (5) failure to give any signal of his intention to make such movement. On these charges and counter-charges, issue was joined.

Trial by jury resulted in verdict and judgment for plaintiff in the sum of $5,000. Defendant appeals, assigning as error denial of motions to strike and to make more definite and certain, and the giving and refusing of certain instructions to the jury.

Defendant moved to strike from the complaint, as irrelevant and redundant, the following allegations

"That defendant negligently drove and turned his automobile from defendant's right half of said Highway # 20, which was the south half of said highway, to the north half of said highway directly into the path and immediately in front of the car driven by plaintiff". He argues that this allegation was an attempt to charge a violation of subsection (a) of section 115-327, O. C. L. A., and that, in failing to negative an exception included within such subsection, it is fatally defective, in legal effect alleges nothing, and so is redundant. The subsection reads, in part, as follows:

"Upon all highways of sufficient width, other than one-way highways, the driver of a vehicle shall drive the same upon the right half of the highway except when the right half is out of repair and for such reason impassible or when overtaking and passing another vehicle. * * * "

■ The objection that the pleading is irrelevant seems to have been abandoned. The objection of redundancy was hardly sufficient to include failure to negative an exception, which would be the allegation of less, while redundancy is the allegation of more, than is necessary.

■ However that may be, we think that the so-called exception in this instance is not, strictly speaking, an exception but a proviso. It is sometimes said broadly that, in a pleading based upon the violation of a statute, all exceptions appearing in the enacting clause must be expressly negatived. "Clause", in this sense, does not mean clause in a grammatical sense, but in the broader sense of "a portion or a part of the statute separate from the actual enacting clause frequently but not necessarily constituting or contained in a separate sentence, section, subdivision, or paragraph of the enact-

ment." Anno., 130 A.L.R. 445. The true rule appears to be that it is the character of the exception and not its location that indicates whether or not it is to be negatived. If the offense is clearly defined in the statute without reference to the exception, the latter need not be negatived. *State v. Tamler,* 19 Or. 528, 530, 25 P. 71, 9 L.R.A. 853; *State v. Edmunds,* 55 Or. 236, 238, 104 P. 430; *State v. Gilson,* 113 Or. 202, 205, 232 P. 621; *State v. Schriber,* 185 Or. 615, 630, 205 P. 2d 149; *United States v. Cook,* 84 U.S. 168, 176, 177; *Ex parte Hornef,* 154 Cal. 355, 97 P. 891, 892; *State v. Abbey,* 29 Vt. 60, 67 Am. Dec. 754. The terms "exception" and "proviso" are not important in this connection, as they are used interchangeably. *Ex parte Hornef,* supra.

The duty imposed upon drivers of vehicles in the statute under consideration is that they shall drive upon the right half of the highway. The exception is merely a matter or condition of privilege or excuse. It is, therefore, a true proviso, and need not be negatived. Phillips, Code Pleading, 2d ed., section 295; *Oregon Liquor Control Commission v. Coe,* 163 Or. 646, 652, 653, 99 P. 2d 29.

The complaint alleged that defendant drove his car "at a high and dangerous rate of speed and at such a speed, under the conditions of traffic, roadway, and intersections, that defendant could not stop and control *the same so as to avoid injuring the plaintiff and others"*. Defendant moved to strike the italicized portion as irrelevant and redundant. His counsel's argument here is that the allegation failed to include matter appearing in the statute which, they contend, limits the driver's duty to maintaining control of his car in such manner as to avoid collision with any person,

vehicle or other conveyance on or entering the highway "in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care". This omission, they say, has the effect of making defendant liable at all events, irrespective of whether or not plaintiff was lawfully upon the highway and exercising due care. We are of the opinion, however, that the challenged allegation sufficiently stated facts bringing the purported conduct of the defendant within the ban of the statute. Violation of a statutory duty may be alleged in general terms, and it is not necessary to plead the exact language of the statute. Blashfield, Cyc. of Automobile Law, Perm. Ed., section 5952. Moreover, the rules of pleading and evidence do not require a plaintiff in a negligence case to allege or prove his freedom from contributory negligence. 38 Am. Jur., Negligence, section 270; *Gentskow v. Portland Ry. Co.*, 54 Or. 114, 122, 102 P. 614, 135 Am. St. Rep. 821. And the statute under consideration [subd. (a), section 115-327, O. C. L. A.] expressly declares that it is not to be construed so as to change the rules of pleading and evidence relating to negligence and contributory negligence.

The complaint used the adverb "negligently" to characterize each several act charged against defendant. This was preceded by a general allegation of negligence as to all such acts. In like manner, each several specification of injury which plaintiff is alleged to have suffered was stated to have injured him "permanently", and these specifications were followed by a general allegation that "each and all of said injuries were and are permanent". Defendant moved to strike the adverbs "negligently" and "permanently", wherever appearing, as irrelevant and redundant. The court

struck four out of five of "negligently", but failed to strike any of "permanently".

■ The pleading, in this connection, is not free from criticism, and the rulings of the trial judge on the motion to strike were mutually inconsistent. However, the complaint was not lengthy, and we do not think that the jury could have been either misled or confused by the unnecessary repetition of which counsel complain. The alleged error was not sufficient to prejudice any substantial right of the defendant, and, therefore, was not reversible. Sections 1-704, 10-810, O. C. L. A.; *Kaller v. Spady,* 144 Or. 206, 214, 10 P. 2d 1119, 24 P. 2d 351.

■■ The plaintiff demanded, besides general damages for permanent injuries, special damages of $532 for loss of earnings. Defendant moved to strike the demand for such special damages, on the ground that it was irrelevant and redundant, which motion was denied. It is true that recovery may not be had for both loss of earnings and diminished earning capacity covering the same period of time. 15 Am. Jur., Damages, section 89, text and note 9. The special damages claimed in this connection, however, covered only loss of time for a period of seven weeks prior to the commencement of the action. This was a proper claim, and was not included within the claim for general damages. *Adskim v. O.-W. R. & N. Co.,* 134 Or. 574, 584, 294 P. 605; *Shaw v. Pacific Supply Co-op.,* 166 Or. 508, 510, 113 P. 2d 627.

■ It was alleged that the collision crushed and permanently damaged plaintiff's chest and the organs thereof and his abdomen and the organs thereof. Defendant moved to have the complaint made more definite and certain by designating the particular organs so claimed to have been injured. This was denied, and

error is assigned thereon. It must be conceded that the allegations were general, but it may very well be that, at the time when the complaint was filed, plaintiff was unable to describe his alleged internal injuries with greater particularity. *Stocklen v. Barrett,* 58 Or. 281, 114 P. 108; *Cederson v. Ore. R. & Nav. Co.,* 38 Or. 343, 358, 62 P. 637, 63 P. 763. One would suppose that crushing and permanent injury of the chest and abdomen would include similar injury to the organs "thereof". Under the statute, as it existed at the time (section 1-903, O. C. L. A., as amended by chapter 279, L. 1943), a motion to make more definite and certain is addressed to the sound discretion of the court. Whether or not such a motion should be allowed depends upon the circumstances of the case. The trial court's exercise of discretion in that regard will not be interfered with on appeal unless the appellate court is satisfied that there was an abuse of discretion. *Cole v. Willow R. Co.,* 60 Or. 594, 608, 117 P. 659, 118 P. 176. We are unable to say that the trial court abused its discretion in the present instance. In Oregon, the court, in its discretion, may require plaintiff in a personal injury action to submit to a physical examination by medical experts, upon timely motion therefor by defendant. *Carnine v. Tibbetts,* 158 Or. 21, 31, 74 P. 2d 974. If, therefore, more detailed information as to the extent of the injuries suffered by plaintiff was necessary, in defendant's opinion, to enable him to answer the complaint or to prepare his defense, he should have made timely motion to require plaintiff to submit to a physical examination.

"" * * where a defendant is entitled to a physical examination of the plaintiff, it seems to me that the ends of justice do not require the plaintiff to set forth, in answer to a demand for a bill of

particulars, a minute description of the physical injury suffered by reason of the accident. In many instances the plaintiff would not be able minutely and technically to describe his injuries.''

*Cantor v. Public Service Ry. Co.,* 10 N.J.M. 1285, 162 A. 876, 877.

We hold that the allegations of injury to the organs of plaintiff's chest and abdomen, though general, were sufficient as against the motion to make more definite and certain. *Union Traction Co. v. Siceloff,* 34 Ind. App. 511, 72 N.E. 266; *Illinois Cent. R. Co. v. Cheek,* 152 Ind. 663, 53 N.E. 641; *City of Iola v. Farmer,* 72 Kan. 620, 84 P. 386.

The court gave the jury the following instruction:

''The oral admissions of a party are to be viewed with caution, for the party himself may have been misinformed, or may not have clearly expressed his meaning, or the witness may have misunderstood him; or it may be that the witness, who testifies to the admission, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say. On the other hand, if you can see from the evidence that the alleged admissions were clearly and understandingly made by the party, that they are precisely identified, and that the language is correctly remembered and accurately reported by the witness, you are authorized to consider such admissions for what you may deem them to be worth against the party making them; but in reaching such a result you must proceed with caution.''

The defendant excepted on the ground that the instruction was academic and argumentative; that the inferences arising from it were injurious to defendant; and that it was repetitious in respect of the caution with which oral admissions of a party are to be viewed.

We have a statute in Oregon, section 2-1001, O. C. L. A., which runs, in part, as follows:

"The jury, subject to the control of the court, in the cases specified in this Code, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. They are, however, to be instructed by the court on all proper occasions:

"* * *

"4. That the testimony of an accomplice ought to be viewed with distrust, and the oral admissions of a party with caution; * * *."

██ It is suggested by counsel that the court erred in substituting for the statutory "ought to be", which, they say, is argumentative, the phrase "are to be", which, they say, is mandatory. We think that the attempted distinction is invalid. Ought, according to Webster, implies duty or obligation. The instruction, in that particular, although not in the exact language of the statute, was not open to objection on that ground.

Counsel say that the quoted instruction was a comment upon the evidence. In this connection, they call attention to the legislative history of section 2-1001, O. C. L. A. That section was enacted October 11, 1862 (section 835, Deady's Code). On the same day, section 198, Deady's Code, was enacted, as follows:

"In charging the jury, the court shall state to them all matters of law which it thinks necessary for their information in giving their verdict, and if it presents the facts of the case, it shall also inform them that they are the exclusive judges of all questions of fact."

This section was amended in 1865, to read:

"In charging the jury, the court shall state to them all matters of law which it thinks necessary

for their information in giving their verdict, *but it shall not present the facts of the case,* but shall inform the jury that they are the exclusive judges of all questions of fact."

Laws, 1865, p. 37, sec. 5, now codified as section 5-308, O. C. L. A. (Italics ours.)

Defendant insists that the amendment of 1865, by taking from the court the right to present the facts of a case to the jury, impliedly repealed section 198, Deady's Code, leaving the court without authority to give to a jury the cautionary instruction contained in that section with respect to oral admissions of a party.

■ In some jurisdictions, cautionary instructions of this sort are held to be an invasion of the province of the jury. Anno., 126 A.L.R. 77. In others, such instructions are permitted. Id. 67. The instruction respecting viewing the oral admissions of a party with caution is only one of a number of cautionary instructions prescribed by section 2-1001, O. C. L. A. There was evidence in the case at bar that plaintiff had made certain oral admissions. Therefore, it was a proper occasion for the court, in its discretion, to give the statutory cautionary instruction thereanent. *Fitze v. American-Hawaiian S.S. Co.,* 167 Or. 439, 449, 117 P. 2d 825; *Arthur v. Parish,* 150 Or. 582, 591, 47 P. 2d 682; *State v. Folkes,* 174 Or. 568, 595, 150 P. 2d 17; *Parmentier v. Ransom,* 179 Or. 17, 23, 169 P. 2d 883.

The instruction in question seems originally to have been gathered together from a variety of sources. *Earle v. Picken* (Eng. 1833) 5 C. & P. 542 (note); *Comm. v. Knapp* (Mass. 1830) 9 Pick. 495, 507; *Hope v. Evans* (Miss. 1843) 1 Sm. & M. Ch. 195, 204; Starkie on Evi-

dence, 7th American Ed. II, 549; Greenleaf on Evidence, 16th ed., section 200. See also Judge Redfield's Addendum to Greenleaf, Evid. 12th ed., section 200. The same instruction, with immaterial variations, has been given by trial judges in Oregon for more than three-quarters of a century. It was approved in *Thompson v. Purdy* (per Wolverton, J.) 45 Or. 197, 200, 77 P. 113, and in *Gleason v. Denson* (per McBride, C. J.) 65 Or. 199, 203, 205, 132 P. 530.

Counsel maintain that the instruction complained of here goes beyond what is permitted by the statute. The added matter, however, is in part merely an explanation of the reasons why oral admissions should be viewed with caution, and partly a "balancing" of the instruction by stating, in effect, that if the alleged admissions were clearly and understandingly made, correctly remembered, and accurately reported, the jury might consider them for what they might deem them to be worth. Some authorities require some such balancing matter (53 Am. Jur., Trial, section 611, text and note 12), and, in this case, we are of the opinion that the addition thereof to the statutory instruction was not improper, although the wording would have been improved if it had adhered more closely to the Greenleaf model. Greenleaf, op. cit., section 200.

"* * * the great possibilities of error in trusting to recollection-testimony of oral utterances, supposed to have been heard, have never been ignored; but an antidote is constantly given by an instruction to the jury against trusting overmuch to the accuracy of such testimony."

Wigmore, Evidence, 3 ed., section 2094.

Counsel say that the instruction on oral admissions "is a relic of a day now long past when a party was not

permitted to take the stand in his own behalf'', and that the giving of such an instruction in these days is ''egregious error''. We think that counsel are mistaken in this. The law prohibiting judges from presenting the facts of a case to the jury is not a constitutional inhibition upon the judicial function, but only a legislative one. It is interesting to note, in this connection, that a bill to amend section 2-1001, O. C. L. A., by eliminating therefrom the instruction on oral admissions, was introduced in the state senate during the 1949 session of the legislature (S.B. 194). The senate, by vote of 20 to 10, adopted the report of a majority of the Committee on Revision of Laws recommending that the bill should not pass, and it was thereafter indefinitely postponed.

Defendant excepted to the court's submitting to the jury any of the specifications of negligence contained in the complaint, other than that of driving on the left or wrong side of the highway, on the ground that, under plaintiff's pleadings, theory of the case, and evidence, the collision was proximately caused by defendant's driving on the wrong side of the highway. They contend, therefore, that lack of control, failure to maintain a lookout, and high and dangerous speed, alleged as negligence in the complaint, were only remote causes or mere conditions.

It would seem, however, that the jury may have found that driving on the wrong side of the highway was not in itself the proximate cause of the collision. Notwithstanding defendant's negligence in driving on the wrong side of the highway, it should be apparent that the collision might have been avoided if defendant had exercised due care in the other respects mentioned. Any or all of the acts of negligence charged—lack of

control, lack of lookout, and speed—together with negligence in driving on the wrong side of the highway, singly or in combination, may have been the proximate cause of the accident. 38 Am. Jur., Negligence, section 63, text and note 13; *Van House v. Canadian Northern R. Co.*, 155 Minn. 57, 192 N.W. 493, 28 A.L.R. 357, 360; *Sosnowski v. Lenox*, 133 Conn. 624, 53 A. 2d 388, 390; Anno., 77 A.L.R. 603. The question was properly submitted to the jury as one of fact. *Austin v. Portland Traction Co.*, 181 Or. 470, 474, 182 P. 2d 412.

■ On the same ground stated above—that driving on the wrong side of the highway was, according to plaintiff's theory of the case, the sole proximate cause of the collision—defendant excepted to the giving of instructions to the jury as to his statutory duty to have his car under reasonable control and as to his duty to maintain a proper lookout. What we have said above regarding proximate cause is applicable here. No error was committed by such instructions.

■ It is objected that the court, by using the term "contributory negligence" in its instructions with reference to the alleged negligence of plaintiff pleaded defensively by defendant, necessarily implied, and suggested to the minds of the jury, that the defendant was in fact guilty of negligence. There is logic in the objection, and it is supported by the weight of authority in other jurisdictions, but this court has long been committed to the view that the use of the term "contributory negligence" in instructions does not imply negligence on the part of defendant or work substantial injustice to him. We remain "reluctant to sweep away a precedent of long standing". *Wallace v. Portland Ry. L. & P. Co.*, 103 Or. 68, 75, 78, 204 P. 147; *Edlefson v. Portland Ry. L. & P. Co.*, 69 Or. 18, 136 P. 832; *Susznik*

*v. Alger Logging Co.,* 76 Or. 189, 147 P. 922, Ann. Cas. 1917C, 700; *Tabor v. Coin Machine Mfg. Co.,* 85 Or. 194, 166 P. 529.

Several other alleged errors were assigned, but we think that all of them have been covered in the foregoing discussion. In our opinion, the record is free from reversible error. The judgment is affirmed.