[Crim. No. 3868. First Dist., Div. One. Oct. 2, 1961.]

THE PEOPLE, Respondent, v. PHILIP GARDNER,
Appellant.

Marshall W. Krause, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Edward P. O'Brien, Deputy Attorneys General, for Respondent.

BRAY, P. J.—Defendant appeals from a judgment of conviction, after a jury trial, of violation of section 311, subdivision 1, of the Penal Code (indecent exposure in a public place) and from an order denying a new trial.[1]

### Questions Presented

1. Failure of court to give on its own motion (a) an instruction that evidence of oral admissions should be viewed with caution, and (b) a cautionary instruction on circumstantial evidence.

2. Alleged misconduct of the district attorney.

### Evidence

Mrs. Campos, looking out of her second-story apartment window at about 4:30 p. m., saw several children playing in

---

[1]Defendant admitted five prior convictions—two violations of section 311, subdivision 1, the section under which he was here charged; two burglary convictions; conviction of escape from a state prison.

the street. About 10 feet from them was a parked car. Sitting in the front seat was a man with his private parts exposed, masturbating. She could not see his face. Leaving her apartment by an outside stairway to phone the police, she was able to obtain the car's license number as it drove away. In answer to her phone call, Officer Anderson came to her apartment. She related what she had seen. About 10 minutes after he left she saw the car pass by and then saw the face of the driver, whom she later identified as defendant.

Officer Anderson, having checked the car's license registration and finding it to be registered in defendant's name, proceeded toward defendant's residence. The car, with defendant driving, passed him. The officer then took defendant to the police station, passing Mrs. Campos' apartment on the way. When asked if he had been in the vicinity of that area, defendant replied that he did not know if he had been there or not.

About an hour after the arrest Officer Fanucchi questioned defendant. The questions and answers were recorded by a tape process. The tape was played for the jury at the trial. Defendant in the statement admitted masturbating in a parked vehicle sometime after he left his home at 4 p. m. He could not remember where he parked but admitted that his lewd action could have been seen by Mrs. Campos. Defendant did not testify.

### 1. *Failure to Instruct.*

(a) On oral admissions.

The court did not instruct, as required by section 2061, subdivision 4, of the Code of Civil Procedure, "That the . . . evidence of the oral admissions of a party" should be viewed "with caution." That this instruction should be given by the court of its own motion, even though no request therefor is made by the defendant, is well settled. The most recent expression of our Supreme Court to that effect appears in *People* v. *Carswell* (1959), 51 Cal.2d 602, 608 [335 P.2d 99]. However, that the failure of the court to give the instruction is not necessarily prejudicial is demonstrated by the many cases in which it was held to be error not to give the instruction, but that the error, because of the circumstances of the particular case, was not prejudicial. (*People* v. *Riley* (1950), 35 Cal.2d 279, 286 [217 P.2d 625]; *People* v. *Poindexter* (1958), 51 Cal.2d 142, 151 [330 P.2d 763]; *People* v. *Griffin* (1958), 162 Cal.App.2d 712, 717 [328 P.2d

502]; *People* v. *Hayes* (1958), 161 Cal.App.2d 129, 135-136 [326 P.2d 169]; *People* v. *Williams* (1961), 189 Cal.App.2d 254, 266 [11 Cal.Rptr. 142].)

Here there were two instances of oral statements by defendant. The first was defendant's statement that he did not know whether or not he had been in the vicinity of Mrs. Campos' apartment. The second was his statement recorded on tape admitting masturbating in a parked vehicle, and that he could have been seen in the act by Mrs. Campos. There could have been no prejudice to defendant in the failure to give the instruction for a number of reasons: (1) Defendant did not deny making the statements; (2) the evidence of defendant's guilt without the statements is clear; (3) the most incriminating statements were those introduced in evidence by means of a tape recording of defendant's own voice. As to these there could be no mistake as to what defendant said.

As appears from the history of section 2061, subdivision 4, of the Code of Civil Procedure, which was enacted in 1872, the main reason for the rule is the inability of a person to repeat exactly the words of another person. This reason does not exist where there is a reproduction by mechanical means of the person's voice and words. In discussing a code section identical with ours, the Supreme Court of Oregon, in *Moe* v. *Alsop*, 189 Ore. 59 [216 P.2d 686, 692], said: "The instruction in question seems originally to have been gathered together from a variety of sources. *Earle* v. *Picken* (Eng. 1833), 5 C. & P. 542 (note); *Commonwealth* v. *Knapp* (1830), 9 Pick. (Mass.) 496, 507 [20 Am.Dec. 491]; *Hope* v. *Evans* (Miss., 1843), 1 Smedes & M. Ch. 195, 204; Starkie on Evidence, 7th American Ed. II, 549; Greenleaf on Evidence, 16th ed., section 200. See also Judge Redfield's Addendum to Greenleaf, Evid., 12th Ed., section 200."

In the first case cited by the Oregon court, *Earle* v. *Picken*, *supra* (172 Eng. Reprint 1090), it was stated: "[T]oo great weight ought not to be attached to evidence of what a party has been supposed to have said; as it very frequently happens, not only that the witness has misunderstood what the party has said, but that, by unintentionally altering a few of the expressions really used, he gives an effect to the statement completely at variance with what the party really did say."

This kind of testimony is considered dangerous, first, because it may be misapprehended by the person who hears it; secondly, it may not be well remembered; thirdly, it may not be correctly repeated.

 Obviously, section 2061, subdivision 4, when adopted, could not have been intended to apply to situations resulting from the later invention of recording devices, then unheard of. The objective sought to be achieved by the Legislature in enacting the section does not apply to statements recorded by tape. No contention is made in this case that the sound recording did not truly record the conversation with defendant, or that a proper foundation was not laid for its admission. "It appears to be settled in this state that sound recordings, if relating to otherwise competent evidence, are admissible providing a proper foundation is laid for their admission. [Citations.] . . . Obviously, a recording is more reliable and satisfactory evidence than testimony from memory; it is more trustworthy; it reproduces the very words used by the person or persons who make the statements, in their own voices, and with all the added significance that comes from inflection, emphasis, and the various attributes of speech." (*People* v. *Vetri* (1960), 178 Cal.App.2d 385, 395-396 [2 Cal.Rptr. 795].) Hence it is very doubtful whether as to this type of evidence the code section should apply.[2] In any event the failure to give the instruction set forth in the section could not have prejudiced defendant.

(b) Instruction on circumstantial evidence.

 In *People* v. *Bender*, 27 Cal.2d 164, 175 [163 P.2d 8], the court held that where the prosecution relies wholly or substantially upon circumstantial evidence, the court, of its own motion, must give an instruction embodying the principle that to justify a conviction on circumstantial evidence the facts and circumstances must not only be entirely consistent with the theory of guilt but must be inconsistent with any other rational conclusion. (See also *People* v. *Yrigoyen* (1955), 45 Cal.2d 46, 49 [286 P.2d 1].) Defendant contends that his identification depended upon circumstantial evidence, as Mrs. Campos did not see his face when she observed the man in the act for which defendant was charged. She took the license number of the car, which proved to be registered to defendant. About 30 minutes later she saw defendant drive by in the same car. There is defendant's admission that somewhere that afternoon (possibly where Mrs. Campos saw him) he committed the act. Except for the effect of the admission,

---

[2] A somewhat analogous situation is where the admissions are made in writing. In such case, section 2061, subdivision 4, does not apply thereto. (See *People* v. *Britton* (1936), 6 Cal.2d 10, 13 [56 P.2d 491].)

the identity was dependent upon circumstantial evidence, even though that evidence is strong. Hence, the instruction should have been given.

The error in failing to give the instruction could not possibly have been prejudicial: (1) The strong circumstantial evidence, plus defendant's admissions, leave no possibility of innocence; (2) defendant failed to deny or explain any of the testimony against him. ''[T]he failure of the defendant to deny or explain evidence presented against him, when it is in his power to do so, may be considered by the jury as tending to indicate the truth of such evidence, and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable.'' (*People* v. *Adamson*, 27 Cal.2d 478, 489 [165 P.2d 3].) The facts in our case are easily distinguishable from those in *People* v. *Merkouris* (1956), 46 Cal.2d 540 [297 P.2d 999], where the court held that the failure to give the cautionary instruction on circumstantial evidence was prejudicial error. There the case was wholly circumstantial. The defendant denied committing the crime or being in the vicinity where it occurred. Here defendant admitted the crime but was not sure just where it occurred. As in *People* v. *Lombardo* (1960), 181 Cal.App.2d 106 [4 Cal.Rptr. 893] and *People* v. *Koenig* (1946), 29 Cal.2d 87 [173 P.2d 1], the failure to give the cautionary instruction was not prejudicial.

## 2. *Alleged Misconduct of District Attorney.*

 In his closing argument the district attorney stated that he thought defense counsel had treated witness Mrs. Campos on cross-examination ''pretty shabbily'' and that the treatment was ''unnecessary.'' Defendant objected and asked the court to admonish the district attorney. The court merely stated that the matter was for the jury to judge. The district attorney again indicated that he thought that counsel should not have cross-examined the way he did. While the district attorney should not have criticized defense counsel, as the latter's cross-examination of Mrs. Campos was within his right, although unnecessarily indelicate and of doubtful value to his client, and the court should have admonished the jury, the matter was not such that could have prejudiced the jury. As before stated, defendant's guilt was obvious and the jury had heard the cross-examination in question.

 In the course of his argument, after replying to a charge made in defense counsel's argument that the district attorney wanted cases of this kind heard by judges rather

than by juries, the district attorney said, "But I don't think that Mr. Gardner is not guilty for Mr. Gardner is what this country is all about. That happens to be the gist of the argument." No objection was made nor was the court asked to admonish the jury concerning this statement. It is not clear just what the district attorney meant by his statement. In *People* v. *Acuff* (1949), 94 Cal.App.2d 551 [211 P.2d 17], the district attorney stated that after reviewing the evidence he was satisfied in his own mind that the defendant was guilty. The court held that as it appeared that the district attorney meant he was so satisfied "because the evidence showed it" (p. 558; emphasis omitted) and that his statement was within the rule set forth in 8 California Jurisprudence 268 and the cases cited by the court to the effect that a prosecutor " 'has the right to state his views, his beliefs and his convictions as to what the evidence establishes, and to urge that the evidence convinces his mind or is conclusive of the guilt of the defendant.' " (Pp. 558-559.) For the same reasons heretofore given, that the failure to give the cautionary instruction on circumstantial evidence was not prejudicial, this statement could not have been prejudicial.

There is no similarity in the situation here and that in *People* v. *Arends* (1957), 155 Cal.App.2d 496 [318 P.2d 532], where the court held that the *testimony* of a deputy district attorney who had prepared, but did not try the case, to the effect that he had determined that the defendant was guilty beyond a reasonable doubt, and that the district attorney's office had a rule that it would not try a case if in the mind of the deputy there was a reasonable doubt as to the guilt of the defendant, was prejudicial even though not objected to. There the deputy was testifying as a witness and reiterated that it was his considered opinion, based upon the preliminary examination and his discussions with the district attorney, that the defendant was guilty. As pointed out by the court, the deputy's testimony was immaterial and irrelevant and should not have been admitted.

The judgment and order are affirmed.

Tobriner, J., and Duniway, J., concurred.

A petition for a rehearing was denied October 30, 1961, and appellant's petition for a hearing by the Supreme Court was denied November 29, 1961.