OLIVER DeDOMINICIS ET AL. *v.* THE CORNFIELD POINT ASSOCIATION

KING, C. J., ALCORN, COTTER, THIM and RYAN, Js.

Argued January 6—decided February 10, 1967

---

*Andrew F. Pulaski,* for the appellants (plaintiffs).

*Francis V. Manion,* for the appellee (defendant).

THIM, J. On May 29, 1963, the defendant, a beach association created by the General Assembly by No. 467 of the 1943 Special Acts (24 Spec. Laws 308), purchased, by quitclaim deed from William P. Jones, as trustee of the estate of Elizabeth C. J. Beach, a piece of shorefront real estate located in the town of Old Saybrook. As part of the purchase price, it executed nine promissory notes made payable to Jones, as trustee. To secure the payment of these notes, the defendant also executed and delivered to Jones, as trustee, a mortgage deed to the property. The plaintiffs, members of the defendant association, brought the present action, challenging the propriety of this purchase. They alleged in their complaint that the defendant was not authorized to execute the notes or the mortgage deed. They sought to have the defendant enjoined from executing the agreement with Jones in any "form or fashion," as well as a judgment declaring the notes and the mortgage void. The court denied the relief sought, and the plaintiffs have appealed.

The record discloses that Jones, as trustee, is not a party to this action. Section 309 of the Practice Book expressly provides: "The court will not render

declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." We have consistently insisted on a strict compliance with this rule. *Manafort Bros., Inc.* v. *Kerrigan,* 154 Conn. 112, 114, 222 A.2d 218; *Benz* v. *Walker,* 154 Conn. 74, 79, 221 A.2d 841. This is because the rule expresses the fundamental principle that a court will not proceed to adjudicate conflicting interests until all those who would be directly affected by that adjudication have been notified of the pendency of the proceedings and given a reasonable opportunity to appear and be heard. *Winick* v. *Winick,* 153 Conn. 294, 298, 216 A.2d 185, and cases cited.

Jones, as trustee and as payee of the challenged notes and holder of the challenged mortgage, would be most vitally affected by this action. It was necessary therefore that he be made a party defendant. In the absence of the necessary party, a declaratory judgment cannot be rendered. *Leo Foundation* v. *Cabelus,* 151 Conn. 655, 658, 201 A.2d 654; see also *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation,* 151 Conn. 68, 77, 193 A.2d 493; *Brennan* v. *Russell,* 133 Conn. 442, 445, 52 A.2d 308. The plaintiffs claim to have served Jones, as trustee, with a subpoena to appear as a witness in the trial. We find this claim of no moment. Service of a subpoena does not meet the requirements of § 309 of the Practice Book.

At the commencement of the trial and before any evidence was introduced, the court called to the attention of the plaintiffs' counsel that Jones was an indispensable party to this action. Notwithstanding this warning, the plaintiffs insisted on proceeding with the trial on the merits, which continued

over a period of three days. After the plaintiffs presented their case and before the defendant called its last witness to testify, the plaintiffs' counsel made a motion to make Jones a party to the action, and the court denied it.

The plaintiffs argue that the court erred in denying the motion. The denial was required since the court could not legally order the addition of a party to the action, as to whom the judgment would be binding, after practically all of the evidence had been admitted. To grant the motion would also have required the court to declare a mistrial, and there was no justification for such action. *Sosnowski* v. *Lenox,* 133 Conn. 624, 626, 53 A.2d 388; *Benson* v. *Morey,* 129 Conn. 390, 391, 28 A.2d 843; Maltbie, Conn. App. Proc. § 63.

There is no error.

In this opinion the other judges concurred.