WALTER WAWRZYNOWICZ *v.* THERESA I. WAWRZYNOWICZ

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 14—decided December 20, 1972

*Richard C. Post,* for the appellant (plaintiff).

*Jackson T. King, Jr.,* with whom, on the brief, was *Milton L. Jacobson,* for the appellee (defendant).

LOISELLE, J. By writ, summons and complaint dated April 17, 1969, the defendant instituted an action for a divorce. The writ directed the attachment of a savings account in the Norwich Savings Society, a savings bank located in the city of Norwich, where the plaintiff had $10,433.15 on deposit. The action for a divorce was made returnable to the Superior Court in New London County on the twelfth day following the date of service. Service of garnishment was made on the bank on April 17, 1969, and on the plaintiff on April 21, 1969. The writ, summons and complaint were filed in the office of the clerk of the Superior Court in New London County on April 24, 1969. An employee of the clerk of the Superior Court designated April 29, 1969, as the return date of process. On October 23, 1969, the Superior Court in New London County rendered a judgment granting a divorce to the defendant. The judgment provided, inter alia, that the funds held by the Norwich Savings Society in the amount of $10,696.81 be assigned to the defendant. The plaintiff did not appear to defend in that action.

The plaintiff then brought the present action, claiming that the judgment in the divorce action was

void because the return of the writ, summons and complaint to the court was untimely. He sought a declaratory judgment and injunctive relief. The parties agreed to limit the disposition of the case to the claim for a declaratory judgment. Among the allegations in the plaintiff's complaint is the claim that the defendant by virtue of the divorce judgment removed funds held in the name of the plaintiff on deposit in the Norwich Savings Society. These allegations were denied by the defendant but judicial notice is taken of the fact that the judgment in the previous action assigned the bank account at the Norwich Savings Society in the amount of $10,696.81 to the defendant.

The Norwich Savings Society was not a party to this declaratory judgment action nor does the record indicate that it was afforded notice of the pendency of this action. As there was in the previous action an order, now challenged as void for want of jurisdiction, directing the assignment of funds of the plaintiff held on account in the Norwich Savings Society, the Norwich Savings Society is vitally interested in and has a direct concern in the disposition of this case. Although, strictly speaking, a depositor in a savings bank retains an equitable ownership in the deposit while transferring the legal title to the bank for purposes of investing and conserving it for him, the relationship becomes in a sense that of debtor and creditor. *State* v. *Vars,* 154 Conn. 255, 262, 224 A.2d 744; *Alexiou* v. *Bridgeport-People's Savings Bank,* 110 Conn. 397, 400, 148 A. 374. The courts are agreed that if the judgment in a garnishment proceeding is void as, for example, where no jurisdiction is acquired by the court, payment by the garnishee is no protection to him in a subsequent action by his creditor to recover the

debt. 6 Am. Jur. 2d, Attachment and Garnishment, § 400; note, 49 A.L.R. 1411. This court has recently discussed with particularity the requirement that in any action seeking a declaratory judgment all persons having an interest in the subject-matter be made parties to the action or have reasonable notice thereof in accordance with Practice Book § 309 (d). *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 526–29, 290 A.2d 327; see also *Knights of Columbus Council* v. *Mulcahy,* 154 Conn. 583, 585, 227 A.2d 413; *DeDominicis* v. *Cornfield Point Assn.,* 154 Conn. 504, 505, 227 A.2d 89; *Manafort Bros., Inc.* v. *Kerrigan,* 154 Conn. 112, 114, 222 A.2d 218; *Benz* v. *Walker,* 154 Conn. 74, 77, 221 A.2d 841. Although the jurisdiction of the trial court to entertain the declaratory judgment action was not challenged until the time of appeal, this claim questions the jurisdictional base of the court and it must be considered by this court when raised. *State ex rel. Kelman* v. *Schaffer,* supra, 527; *Tellier* v. *Zarnowski,* 157 Conn. 370, 373, 254 A.2d 568.

The Norwich Savings Society was not made a party to nor given notice of the pendency of this action pursuant to the express requirements of Practice Book § 309 (d). Its rights concerning any payment made to the defendant or its liability for making such payment under the order in the divorce action could not be adjudicated in the declaratory judgment proceedings. Consequently, we cannot consider further the appeal from the judgment in the declaratory judgment action which found the issues for the defendant. It follows that the ancillary claims for injunctive relief, although not pressed in the trial court, must likewise fail. *Benz* v. *Walker,* supra, 79–80.

The trial court, because of the failure to give

notice to a necessary party under § 309 (d) of the Practice Book, lacked jurisdiction to consider the declaratory judgment action.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the action for lack of jurisdiction.

In this opinion the other judges concurred.